COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Anthony Ralph TODD, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 4, 2002.
Filed March 18, 2003.

H. Peter Jurs, West Chester, for appellant.

Julie Hess, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before JOYCE, BENDER, and BECK, JJ.

## OPINION BY BENDER, J.:

¶ 1 This is an appeal from a judgment of sentence entered against Anthony Ralph Todd (Appellant) for a term of 15 to 30 years' imprisonment after his conviction by a jury of seven counts of armed robbery, seven counts of unlawful restraint, one count of burglary, and other related charges. Appellant raises ineffective assistance of counsel (IAC) claims involving his right to testify on his own behalf and the failure to present a witness to negate an inference created by the Commonwealth that his alibi defense was a recent fabrication. For the reasons that follow, we affirm.

¶ 2 The charges filed against Appellant arose in connection with an incident that occurred on June 14, 2000. While masked and carrying a shotgun, Appellant restrained seven people at a residence in East Nottingham Township, Chester County. The victims were required to empty their pockets and then were bound with duct tape. Appellant threatened the victims, striking one of them. He also discharged his weapon in the house. With cash taken from the victims, Appellant left the residence in a vehicle using keys taken from one of the victims. After an hour, the victims called the police. Appellant was identified as the perpetrator and was arrested later that same evening.

¶ 3 Initially, Nathan M. Schenker, Esq., a Chester County public defender, represented Appellant; however, Appellant retained James Marsh, Esq.,[1] and Kenneth Kitay, Esq., who represented Appellant at trial. Following sentencing, H. Peter Jurs, Esq., an assistant public defender, was appointed to provide counsel for Appellant's post-sentence motion. In his mo-

tion, Appellant requested a new trial, an arrest of judgment and/or a judgment of acquittal. In addition to other allegations of error, Appellant claimed that Mr. Marsh was ineffective because he "interfered with [Appellant's] right to testify on his own behalf," and he "failed to present an available witness, Nathan M. Schenker, Esquire, to negate the Commonwealth's inference that the defendant's alibi defense was a recent fabrication." Trial Court Opinion (T.C.O.), 4/2/02, at 2. *See also* Appellant's Post–Sentencing Motions.

¶ 4 In light of the issues raised, a hearing was held on December 19, 2001. Appellant, Mr. Schenker, Mr. Marsh and other witnesses testified at the hearing. With regard to the two specific claims of error noted above, the trial court stated:

Defendant claims that he wanted to testify at trial but his attorney did not permit him to do so. Mr. Marsh, on the other hand, testified at the December 19, 2001 hearing that he advised his client of his right to testify at least twice prior to the start of trial. During the trial, Mr. Marsh asked to be excused by the court in order to discuss with his client his right to testify. Further, before the defense rested its case, Mr. Marsh again asked the defendant whether he wanted to testify. Finally, there was a side-bar discussion during the trial about defendant's knowledge of his right to testify.

At the post-sentence hearing, Mr. Marsh stated that while he advised his client about his right to testify at trial, he strongly advised against it because of the defendant's criminal record. The defendant acknowledged that his attorney did, in fact, advise him that if he did testify, his prior record could be introduced into evidence.

---

1. Mr. Marsh was primarily responsible for handling the case.

This court finds Mr. Marsh's testimony to be credible. This court also finds that the defendant was given accurate information from his attorney about the hazards of testifying. Further, the advice of his attorney was reasonable in light of defendant's criminal record. Accordingly, this court finds that the defendant did know of his right to testify and that he voluntarily, knowingly and intelligently waived that right.

. . . .

The defendant next claims that his trial counsel failed to present [a] willing and available witness[ ], Nathan M. Schenker, Esquire . . . . Defendant believed Mr. Schenker should have been called to negate the Commonwealth's inference that the defendant's alibi defense was a recent fabrication.

. . . .

In the instant case, the testimony of Mr. Schenker was not necessary. The following exchange took place during trial:

MR. KELLY [Assistant District Attorney]: You said you told his counsel right away that you had this evidence that you were an alibi. When did you tell his counsel that?

KATHY ELVILLE:[2] I don't know the exact time.

MR. KELLY: This Exhibit C–69 is a notice of alibi. You see it was received on February 12th of this year?

KATHY ELVILLE: Yes.

MR. KELLY: So if you told counsel right away and they didn't file notice until February 12th of this year, do you know why?

MR. MARSH: Objection, your Honor.

THE COURT: Sustained.

MR. KELLY: That is all I have. Thank you.

N.T. Trial, 4/19/01, at 499.

Prior to the start of testimony, this Court informed the jury that the arguments and question of counsel are not evidence. The only information that is relevant is the witness' answer. In the event that a question is objected to and the objection is sustained, the jury is informed to disregard the question all together. Since no answer was given, there is no evidence to consider. This is what happened in the instant case. The Assistant District Attorney asked an improper question and Mr. March [sic] appropriately objected to it. Accordingly, the jury received no evidence with regard to the alleged late filing of the notice of alibi.

In addition, Mr. Marsh testified at the December 12, 2001 hearing that he had his co-counsel talk to Mr. Schenker about whether Mr. Schenker had any additional information on the topic of alibi. Mr. Schenker then left the courtroom. Mr. Marsh believed that Mr. Schenker was checking his record to determine whether there was any additional relevant information. Mr. Schenker re-entered the courtroom and shook his head to Mr. Marsh. Mr. Marsh took this to mean that Mr. Schenker did not have any additional information and, accordingly, there was no reason to call him to the stand.

Further, the witness testified that she informed the police immediately upon the defendant's arrest that she was an alibi for him. This evidence was not rebutted.

**2.** Ms. Elville was one of Appellant's alibi witnesses, who testified about seeing Appellant on the evening in question.

T.C.O. at 3–5. Thus, the trial court determined that these two claims of error, in addition to others, were without merit and denied Appellant's post-sentence motion.

¶ 5 Appellant now appeals to this Court, raising the following issues for our review:

I. Were [Appellant's] rights violated as a result of the fact that he did not make a knowing, voluntary, and intelligent decision not to testify on his own behalf due to trial counsel James Marsh's ineffectiveness and the lack of a colloquy?

II. Was Mr. Marsh ineffective for failing to present a willing and available witness, Nathan Schenker, Esquire, to negate the prosecutor's inference that [Appellant's] alibi defense was a recent fabrication?

III. Did the cumulative effect of errors made at trial deprive [Appellant] of a fair and impartial trial?

Appellant's brief at 4.

¶ 6 Prior to our resolution of the issues in this case, we note that because this is a direct appeal from a judgment of sentence and IAC claims have been raised, the application of *Commonwealth v. Grant,* —— Pa. ——, 813 A.2d 726 (2002), must be considered. The *Grant* court stated that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. *Accord Commonwealth v. Robinson,* 2003 PA Super 61. Moreover, the *Grant* court directed that the new rule be applied "to any other cases on direct appeal where the issue of ineffectiveness was properly raised and preserved." *Grant,* at 738. *Grant* discourages review of IAC claims on direct appeal in situations where the record was not sufficiently developed

to allow for appellate review without additional fact finding, and where the trial court was prevented from contributing its first hand observations about an attorney's alleged ineffectiveness. *Id.* at 737–38. *See Commonwealth v. Corley,* 2003 PA Super 34, 14, 816 A.2d 1109 (stating that the *Grant* court's rationale rested on "its concern that an appellate court is sometimes handicapped when it attempts to review an IAC claim on an undeveloped record").

¶ 7 In *Corley,* the appellant filed a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, after his direct appeal was dismissed for failure by appointed counsel to file a brief. A hearing was held at which the appellant and trial counsel testified concerning the facts underlying the IAC claims at issue. Although the trial court denied the appellant's request for a new trial, it restored his appeal rights. In rendering our decision on appeal, we noted that the matter was technically a direct appeal from the judgment of sentence. We also recognized the impact of *Grant,* but concluded that the procedural posture of the case allowed us to review the IAC claims.

¶ 8 Here, the situation we face is not quite akin to *Corley,* because clearly this matter *is* a direct appeal, not a reinstated right to appeal *nunc pro tunc* following the filing of a PCRA petition. However, in the matter before us, Appellant filed a post-sentence motion pursuant to Pa.R.Crim.P. 720, and included, among other alleged errors, the IAC issues now raised in this appeal. Additionally, the trial court held a hearing much like the one in *Corley.*[3] Therefore, as in *Corley,* we have the benefit of a transcript of a hearing and a decision by the trial court specifically address-

---

3. When post-sentence motions are filed, Pa. R.Crim.P. 720(B)(2)(b) provides for a hearing if the court determines that one is necessary.

ing the IAC claims raised in the appeal. Consequently, the issues concerning the IAC claims have not been raised for the first time on appeal. Nor are we reviewing an insufficiently developed record with no initial review by the trial court. Accordingly, we find it appropriate to review Appellant's IAC claims. To do otherwise would negate the post-sentence proceedings and require a duplicate proceeding under the auspices of the PCRA. *See Commonwealth v. Jette,* 2003 PA Super 69, 9 n. 3, 818 A.2d 533 (stating that *Grant* "did not announce a complete prohibition of consideration of ineffectiveness claims on direct review" when the issues were addressed by the trial court and the concern presented by an incomplete record was not implicated).

¶ 9 It is well settled that counsel is presumed effective and the burden of proving ineffectiveness rests with the appellant. *Commonwealth v. Edwards,* 762 A.2d 382, 390 (Pa.Super.2000).

> To prevail on a claim alleging counsel's ineffectiveness, Appellant must demonstrate: (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness.

*Commonwealth v. Wallace,* 555 Pa. 397, 724 A.2d 916, 921 (1999). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." *Id.*

■ ¶ 10 Appellant first argues that Mr. Marsh was ineffective because he interfered with Appellant's right to testify (not that the advice given was unreasonable), that no colloquy took place, and that he did not knowingly, voluntarily, and intelligent-ly waive his right to testify on his own behalf. To address this issue, we are guided by *Commonwealth v. Thomas,* 783 A.2d 328 (Pa.Super.2001), which provides that the decision to testify on one's own behalf:

> is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.

*Id.* at 334. "Counsel is not ineffective where counsel's decision to not call the defendant was reasonable." *Commonwealth v. Breisch,* 719 A.2d 352, 355 (Pa.Super.1998).

■ ¶ 11 In his brief, Appellant extensively quotes his own testimony given at the December 19th hearing on his post-sentence motion. Although he claims that Mr. Marsh would not allow him to testify, he acknowledges that he was told that his four prior convictions, including the theft of a number of guns, could be used against him if he testified. N.T. Hearing, 12/19/01 at 28–29, 36–37. Appellant also quotes a portion of Mr. Marsh's testimony from the same hearing, wherein Mr. Marsh indicated that he believed that Appellant understood his right to testify. *Id.* at 62. However, Appellant omits Mr. Marsh's testimony relating to the numerous discussions that took place between him and Appellant about Appellant's right to testify and Mr. Marsh's reasons advising against putting Appellant on the stand. In particular, Appellant contends that Mr. Marsh's testimony about his discussions with Appellant are all discussions that took place off the record and that, therefore, they cannot be relied upon to

support a finding that Mr. Marsh did not interfere with Appellant's right to testify.

¶ 12 Most important, however, is Appellant's failure to recognize that as an appellate court, we must defer to the credibility determinations made by the trial court that observed a witness's demeanor first hand. *Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261 (2000). Based on Mr. Marsh's testimony, which it found credible, the trial court listed the number of times it found that Mr. Marsh discussed the right to testify with Appellant. Noting the reasonableness of Mr. Marsh's advice, the court found that Appellant knew of his right to testify but voluntarily, knowingly, and intelligently waived that right. We find that the record supports this finding.

■ ¶ 13 Appellant also argues that the trial court should have conducted a colloquy to determine whether Appellant understood his right to testify and whether he made a knowing, voluntary, and intelligent waiver of his right to testify. Appellant recognizes that "guilty pleas and jury trial waivers, expressly require a colloquy to ensure that the defendant is acting with proper understanding of his decisions." Appellant's brief at 15. *See* Pa. R.Crim.P. 590 and 620. He also acknowledges that there is no express requirement that a trial court conduct such a colloquy with regard to a defendant's right to testify, but contends that this should be the rule. Unfortunately for Appellant, without a requirement that a colloquy take place under these circumstances and with the trial court's findings based on Mr. Marsh's testimony, we have no basis upon which to disturb the trial court's decision. Thus, Appellant has not shown that Mr. Marsh interfered with his right to testify and, therefore, has not proven ineffectiveness.

■ ¶ 14 Appellant next argues that Mr. Marsh was ineffective for failing to call Mr. Schenker as a rebuttal witness to counter the prosecutor's implication that Appellant's alibi witnesses had only recently come forward and had fabricated their testimony. Appellant contends that Mr. Schenker, who was in the courtroom at the time the prosecutor was questioning one of Appellant's alibi witnesses, could have provided information that the alibi information had been timely offered.

> To establish ineffectiveness for failure to call a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

*Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa.Super.2002) (citation omitted).

¶ 15 With regard to the above test, we note that the first four prongs of the test are not at issue. We need only address whether the absence of Mr. Schenker's testimony at trial, due to Mr. Marsh's ineffectiveness for failing to call prior counsel, prejudiced Appellant to the extent that he did not receive a fair trial. The sole portion of the testimony at issue, during the four days of trial, was reproduced by the trial court in its opinion and is again reproduced in this memorandum *supra*. The trial court found that Appellant was not prejudiced because the jury was informed that only answers to questions, not questions or argument by the attorneys, contain relevant information, *i.e.*, evidence that can be considered, and that no answer to the offending question was given. The court also relied on Mr. Marsh's testimony

concerning what occurred after Mr. Marsh's co-counsel asked Mr. Schenker if he had any relevant information with regard to the alibi defense. The court also noted that the alibi witness testified at trial that immediately after Appellant's arrest she informed the police that she was an alibi for Appellant. *See* N.T. Trial, 4/19/01, at 485.

¶ 16 Mr. Marsh explained that he believed that Mr. Schenker's testimony would not have been beneficial because he thought that, in the context of a four-day trial, the two prosecution questions referencing the Notice of Alibi, without more, were insufficient to impeach the alibi witness's credibility. In addition, the fact that he believed that Mr. Schenker had no records regarding Appellant's alibi defense further supported Mr. Marsh's decision not to call Mr. Schenker as a witness. Appellant has failed to establish that Mr. Marsh's decision not to have Mr. Schenker testify prejudiced Appellant so as to deny him a fair trial. Accordingly, we conclude that Mr. Marsh was not ineffective for failing to present Mr. Schenker as a rebuttal witness. Thus, Appellant's second claim is without merit.

¶ 17 Lastly, Appellant argues that the cumulative effect of various errors that occurred during the trial deprived Appellant of a fair and impartial trial. Appellant's brief at 22, (citing *Commonwealth v. Kramer*, 389 Pa.Super. 136, 566 A.2d 882 (1989) (stating that the grant of a new trial is within the trial court's discretion even though the several irregularities that had occurred, all of which could have been cured by appropriate jury instructions and none taken alone resulted in an unfair trial)). To support his assertion of "cumulative ineffectiveness," Appellant points to his arguments presented in his first two issues. Appellant's brief at 22. Essentially, Appellant claims that "Mr. Marsh's errors had the cumulative effect of impacting every aspect of [Appellant's] possible defense...." *Id.*

¶ 18 This exact argument was made by the appellant in *Commonwealth v. Chandler*, 554 Pa. 401, 721 A.2d 1040 (1998), and rejected by our Supreme Court. In *Chandler*, the appellant suggested that the various claims of error he had identified in his brief, taken together, demonstrated that he had not received a fair trial. The *Chandler* court responded:

> In *Commonwealth v. Murphy*, 540 Pa. 318, 657 A.2d 927 (1995), we rejected an identical argument, noting that such a claim " 'is mere makeweight, and a rather blatant attempt to bootstrap. We have found no ... [errors], and no number of failed claims may collectively attain merit if they could not do so individually.' " *Id.* at 336 n. 6, 657 A.2d at 936 n. 6 (quoting *Commonwealth v. Williams*, 532 Pa. 265, [278,] 615 A.2d 716[, 722] (1992)).

*Chandler*, 721 A.2d at 1046 (quoting *Commonwealth v. McGill*, 545 Pa. 180, 680 A.2d 1131, 1136 (1996)). Based on *Chandler* and the cases cited therein, we conclude that Appellant's last issue is without merit.

¶ 19 For the reasons stated above, we now affirm the judgment of sentence.

¶ 20 Judgment of sentence affirmed.