J-A20045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANAE BRANT | |
| Appellant | No. 409 EDA 2015 |

Appeal from the Judgment of Sentence of January 9, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0003848-2014

BEFORE:  DONOHUE, J., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED SEPTEMBER 09, 2015**

Danae Brant ("Brant") appeals the January 9, 2015 judgment of sentence.  We affirm.

The trial court set forth the following factual and procedural history of this case:

> On March 19, 2014, at approximately 4:00 a.m., Plymouth Township Police Officer Kyle Wilhelm was called to the scene of an accident where he met with Stacy Betham, the owner of a damaged vehicle.  Ms. Bethan directed Officer Wilhelm toward [Brant] and a blue Toyota with heavy front end damage.  Officer Wilhelm approached [Brant] and observed that she was carrying two empty beer containers and a set of car keys.  While speaking with [Brant,] Officer Wilhelm detected an odor of alcohol and noticed that [Brant's] eyes were bloodshot and glassy.  Upon request, [Brant] handed her keys to Officer Wilhelm who determined that the car key belonged to the blue Toyota.  Officer Wilhelm placed [Brant] under arrest for DUI and read the implied consent warnings.  At 4:51 a.m., a breath test was administered and [Brant's blood alcohol content ("BAC")] was determined to be .106%.

Trial Court Opinion ("T.C.O."), 3/25/2015, at 1.

Following a non-jury trial on January 9, 2015, the trial court found Brant guilty of DUI—general impairment and accidents involving damage to an unattended vehicle.[1] On that same day, the trial court sentenced Brant to a period of 48 hours to six months' incarceration. On February 5, 2015, Brant filed a notice of appeal. On February 9, 2015, the trial court ordered Brant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Brant timely complied. On March 25, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Brant presents two issues for our consideration:

1. If a judgment of acquittal should be entered on [Brant's] convictions for driving under the influence [] and causing damage to an unattended vehicle where there were no witnesses who saw her operating the Toyota, where there was evidence that someone else was driving the Toyota, where no field sobriety test were [*sic*] administered, and where there was the possibility that alcohol was consumed after the accident?

2. If a new trial should be granted where the record is silent on whether Appellant was informed of her constitutional right to testify and on whether she intelligently, knowingly, and voluntarily waived the aforesaid right?

Brief for Brant at 4 (capitalization modified).

Because Brant's argument singularly focuses upon the quantity, rather than the quality, of the evidence presented at her trial, we interpret Brant's

---

[1] 75 Pa.C.S. §§ 3802(a)(1), and 3745, respectively.

first issue as a challenge to the sufficiency of the evidence. When reviewing such a challenge:

> we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. We may not weigh the evidence and substitute our judgment for the fact-finder. To sustain a conviction, however, the facts and circumstances which the Commonwealth must prove must be such that every essential element of the crime is established beyond a reasonable doubt. Lastly, the finder of fact may believe all, some or none of a witness' testimony.

*Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011) (citations omitted).

Brant was convicted of DUI—general impairment pursuant to 75 Pa.C.S. § 3802(a)(1), which provides as follows:

**(a) General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). "[S]ubsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered

- 3 -

incapable of safely doing so due to the consumption of alcohol."[2] **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009).

The first element of subsection 3802(1)(1) requires that the Commonwealth demonstrate that the accused was driving, operating, or in actual physical control of the movement of a vehicle. In arguing that the Commonwealth's evidence was insufficient to establish this element, Brant emphasizes that none of the Commonwealth's witnesses actually observed her operating the Toyota. While this is true, it ignores the fact that the Commonwealth presented copious circumstantial evidence demonstrating that Brant operated or physically controlled the movement of the Toyota.

At trial, Stacy Betham, the owner of the damaged vehicle, testified that she ran out of her home immediately after hearing a collision. "Within seconds" after the accident, Betham observed Brant carrying keys and walking away from the now-damaged Toyota. Plymouth Township Police Officer Kyle Wilhelm arrived at the scene of the accident "within one or two

---

[2] Brant contends that the Commonwealth also was "required to preclude the possibility that [she] ingested alcohol after the accident occurred by showing there were no signs of imbibing alcohol in the car or nearby which would have provided [her] an opportunity to drink after [she] stopped driving." Brief for Brant at 12. This is incorrect. **See Segida**, 985 A.2d 871, 879 n.6 (Pa. 2009) ("[W]e reject the . . . implication that, in order to obtain a conviction under subsection 3802(a)(1), the Commonwealth must also prove that an accused did not drink any alcohol after the accident. There is no basis in the statute for insertion of this element." (citation omitted)).

minutes," and found Brant carrying an empty alcohol container and a set of car keys. Officer Wilhelm later confirmed that one of those keys fit into the ignition to the damaged Toyota. Neither Betham nor Officer Wilhelm observed anyone else outside following the accident, which occurred at approximately 4:00 a.m. Paperwork inside of the vehicle bore Brant's name. Empty alcohol containers found in the passenger compartment of the Toyota matched the empty alcohol containers that Brant was carrying on her person just after the accident. Although Brant initially told Officer Wilhelm that somebody had dropped her off in the area, she could not identify or describe that person. Finally, the Commonwealth introduced evidence that, prior to trial, Brant admitted to Betham that she was driving the Toyota at the time of the accident. This evidence was more than sufficient to demonstrate that Brant was driving, operating, or in actual physical control of the movement of a vehicle.

Subsection 3802(a)(1) also requires that the accused be incapable of safe driving due to the consumption of alcohol. In *Segida*, the Pennsylvania Supreme Court described the types of evidence that the Commonwealth may offer to prove this element:

Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving. . . . The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests;

demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two[-]hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

***Segida***, 985 A.2d at 879.

In her brief, Brant dedicates approximately half of her argument on this issue to producing a bulleted list of various pieces of evidence that the Commonwealth did not present at trial. ***See*** Brief for Brant at 13-14 (noting, for example, that the Commonwealth did not present evidence that Brant "was belligerent, hostile, or otherwise uncooperative"). This distorts the relevant inquiry. We must decide whether the evidence that the Commonwealth **did** present at trial established every element of DUI—general impairment beyond a reasonable doubt. As alluded to in ***Segida***, there is no checklist of facts that the Commonwealth must complete to support a conviction for DUI—general impairment. Rather, we must assess the totality of the circumstances and the various points of proof that were in fact offered by the Commonwealth.

The evidence presented at Brant's trial was sufficient to enable a fact finder to conclude that Brant was incapable of safe driving due to the consumption of alcohol. When speaking to Brant, Officer Wilhelm detected a strong odor of alcohol. Brant's eyes were bloodshot. She was carrying an empty alcohol container. She was slurring her speech. She did not know where she was. She was having trouble keeping her balance. Brant's blood alcohol content was .106. Finally, the Commonwealth presented circumstantial evidence demonstrating that Brant was the driver of a vehicle that had struck a parked car with enough force that the airbags deployed. This evidence was more than sufficient to support Brant's conviction for DUI—general impairment beyond a reasonable doubt.[3]

In her second and final issue, Brant argues that we should grant her a new trial because the record is silent as to whether she knowingly, voluntarily, and intelligently waived her right to testify at trial. In this regard, Brant takes issue with the fact that "the trial court never conducted

_____

[3]     In her statement of the questions presented, Brant argues that the evidence presented at trial was insufficient to support her convictions both for DUI—general impairment **and** for accidents involving damage to an unattended vehicle. In the argument section of her brief, however, she does not discuss the latter offense nor does she cite any case law related to it. Accordingly, Brant has waived this issue due to her failure to develop the argument or to cite any legal authority in support of her position. **See** Pa.R.A.P. 2119(b); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

a colloquy . . . to determine whether any waiver was proper." Brief for Brant at 18. Brant's contention is not that she involuntarily waived her right to testify. Instead, Brant argues that the trial should have conducted a colloquy in order to establish that she knowingly, voluntarily, and intelligently waived that right. It is well established, however, that a trial court is not expressly required to conduct such a colloquy with regard to a defendant's right to testify. *See Commonwealth v. Baldwin*, 8 A.3d 901, 907 (Pa. Super. 2010) ("[T]here is no requirement that the trial court conduct an on-the-record colloquy when a defendant waives his right to testify[.]"), *aff'd*, 58 A.3d 754 (Pa. 2012); *Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003) (holding that there is no express requirement that a trial court conduct a colloquy to determine whether a defendant understood his or her right to testify); *cf.* Pa. R.Crim.P. 590 (relating to plea agreements) and 620 (relating to waiver of the right to a jury trial). Accordingly, this issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015