J-A20021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD PAUL WALLACE | |
| Appellant | No. 1486 WDA 2015 |

Appeal from the Judgment of Sentence Entered October 7, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0004199-2014 and CP-02-CR-0006333-2014

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 23, 2016**

Appellant, Ronald Paul Wallace, appeals from the October 7, 2015 judgment of sentence imposing an aggregate seven to fourteen years of incarceration followed by eleven years of probation as a result of his conviction for multiple counts of terroristic threats, harassment, stalking, and intimidation of a witness.[1]  We affirm.

The aforementioned offenses arose from two arrests, the first on March 4, 2014 and the second on April 16, 2014.  Appellant's jury trial commenced on May 27, 2015 and the jury returned guilty verdicts on May 29, 2015.  The trial court imposed sentence on July 15, 2015 and Appellant

---

[1]  18 Pa.C.S.A. §§ 2706, 2709, 2709.1, and 4952, respectively.

filed a timely post-sentence motion that did not include the issue before us on appeal. The trial court entered an amended judgment of sentence on October 7, 2015. This timely appeal followed. Appellant raises a single issue for our review:

> Did the trial court deprive [Appellant] of his absolute, constitutional right to testify in his own defense and of his right to counsel when, after conducting a colloquy in which [Appellant] clearly and unequivocally stated that it was his counseled decision to testify, it advised him that it had 'yet to see testimony from a defendant work out well…,' ultimately persuading [Appellant] not to testify at all?

Appellant's Brief at 8.

Appellant believes the trial court violated Appellant's rights under the United States and Pennsylvania Constitutions by persuading Appellant not to testify on his own behalf. Criminal defendants have a right to testify on their own behalf under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Rock v. Arkansas*, 483 U.S. 44 (1987). "The necessary ingredients of the Fourteenth Amendment's guarantee that no one shall be deprived of liberty without due process of law include a right to be heard and to offer testimony[.]" *Id.* at 51. "The right to testify is also found in the Compulsory Process Clause of the Sixth Amendment, which grants a defendant's right to call 'witnesses in his favor,' a right that is guaranteed in the criminal courts of the States by the Fourteenth Amendment." *Id.* "The opportunity to testify is also a necessary corollary

to the Fifth Amendment's guarantee against compelled testimony." **_Id._** at 52.

Likewise, Article 1, § 9 of the Pennsylvania Constitution explicitly guarantees a criminal defendant's right to testify at trial. PA. CONST. ART.1, § 9 ("In all criminal prosecutions the accused hath a right to be heard by himself and his counsel[.]"); **_Commonwealth v. Jermyn_**, 533 A.2d 74 (Pa. 1987). The trial court need not conduct a colloquy to determine the validity of a defendant's waiver of that right. **_Commonwealth v. Todd_**, 820 A.2d 707, 712 (Pa. Super. 2003), _appeal denied_, 833 A.2d 143 (Pa. 2003).

For context, we quote the entire exchange that gave rise to the issue on appeal:

> THE COURT: Mr. Wallace, the time is fast approaching that the defense will start its case and I need to talk to you about your rights.
>
> You understand, sir, that you have both the right to remain silent and not say anything or provide any testimony in [sic] your own behalf as well as the right to provide testimony at this trial.
>
> Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And have you had an opportunity to ask him any and all questions that you have about those rights?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And has he answered all those questions for you fully and completely?
>
> THE DEFENDANT: Yes.

THE COURT: Sir, do you need any additional time to speak with Mr. Cotton about whether or not you wish to testify?

THE DEFENDANT: No.

THE COURT: And I am assuming that Mr. Cotton provided you with his best advice on whether or not you should testify in this case?

THE DEFENDANT: Yes.

THE COURT: Sir, have you made a decision here today about whether or not you wish to provide testimony or remain silent?

THE DEFENDANT: To testify.

THE COURT: So, sir, are you under the influence of any medication, drugs or alcohol that would affect your ability to make this decision?

THE DEFENDANT: No.

THE COURT: Sir, do you have any mental or physical illness or infirmity that would impair your ability to make this decision?

THE DEFENDANT: No.

THE COURT: Has anyone forced, threatened, coerced or promised you anything to make this decision?

THE DEFENDANT: No.

THE COURT: Do you understand, sir, if you provide testimony in this case on direct examination by Mr. Cotton that you will also be subject to cross-examination by Mr. Kelly?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if there are certain crimes in your background, certainly crimes of falsehood, that those would be crimes that the jury will be apprised of during your cross-examination?

THE DEFENDANT: Yes.

THE COURT: And do you understand that you will not be able to indicate to Mr. Kelly during cross-examination that you don't wish to answer his questions?

THE DEFENDANT: Yes.

THE COURT: Does anybody else have any questions for him with regard to the right to testify?

MR. KELLY: No, Your Honor.

MR. COTTON: No, Your Honor.

THE COURT: Mr. Wallace, it is clearly your decision. **I have to tell you that in the six years I have sat in this seat in this division that I have yet to see testimony from a defendant work out well, but that is entirely your call, and I am sure that your attorney has probably told you that same thing, but it is up to you whether or not you want to do it.**

As long as you understand that you have the right to do it and the right not to do it, it is your call. Not a single person in here can influence that other than your decision. Okay?

THE DEFENDANT: All right.

THE COURT: Sir, you now understand that you also have the right to call character witnesses?

THE DEFENDANT: Yes.

THE COURT: Have you talked to Mr. Cotton about character witnesses?

THE DEFENDANT: Yes.

THE COURT: And do you need additional time to speak with Mr. Cotton about character witnesses?

THE DEFENDANT: I think we need a couple more minutes to talk.

THE COURT: Take a couple minutes. So you have had some additional time to speak to your counsel about character witnesses?

MR. COTTON: Your Honor, we would actually like to backtrack to testify.

THE COURT: Okay.

THE DEFENDANT: Well, Your Honor, I trust your experience.

THE COURT: I don't want you to base it on my experience, Mr. Wallace.

THE DEFENDANT: No. Let me finish –

THE COURT: It has to be your decision.

THE [DEFENDANT]: It is, right, but, you know, based on what my attorney says and, you know, you did get – you gave me something to think about and, you know, I just – you know, I think it might be in my best interest just to follow the advice of my attorney and that would be to not testify.

THE COURT: Is this of your own free will?

THE DEFENDANT: Yes.

THE COURT: Voluntarily, nobody is forcing, threatening, coercing you or promising you anything?

THE DEFENDANT: No.

THE COURT: It has to be your own call. I can just tell you what I have seen. I am sure that Mr. Cotton is telling you the same thing that he has seen, but it is ultimately your decision.

THE DEFENDANT: Right.

THE COURT: If you feel that you need to talk to this jury, that's your call.

THE DEFENDANT: I am not trying to be – these guys know what you are doing, so I trust you.

THE COURT: So you understand, sir, if you decide not to take the stand today and you decide to remain silent that certainly I will instruct the jury that they are not to hold that against you in any way, shape or form.

THE DEFENDANT:  Yes.

THE COURT:  You also understand, sir, that if things don't go this way in your trial on appeal you can't say, no, no, no, I screwed up, I actually really wanted to testify.  You are pretty much giving up that right to argue that.

Do you understand that?

THE DEFENDANT:  Right.

THE COURT:  Any further questions?

MR. KELLY:  Nothing from the Commonwealth, Your Honor.

MR. COTTON:  No further questions, Your Honor.

N.T. Trial, 5/27-29/15, at 152-58 (emphasis added; subsequent references to the trial court's remarks refer to the bolded portion of this passage.).

Before we turn to the merits, we must address the Commonwealth's argument that Appellant has waived his argument.  Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  Appellant acknowledges that he did not raise a timely objection during trial or in a post-sentence motion.

Nonetheless, Appellant argues for a relaxed application of the waiver doctrine in this case, citing **Commonwealth v. Hammer**, 494 A.2d 1054 (Pa. 1985), *abrogated in part on other grounds,* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002).  In **Hammer**, the defendant argued that the "conduct of the trial judge in conducting extensive and repeated examination of witnesses, including the defendant, acted oftimes in the role of advocate

for the prosecution[.]" *Id.* at 1056. The defendant did not lodge objections during the trial court's examination of witnesses. *Id.* at 1058. Regardless, the Supreme Court was "not inclined to strictly enforce the waiver doctrine in the case of judicial intemperance for counsel cannot veto actions viewed by the judge to be wholly permissible." *Id.* at 1060. On the record before it, the *Hammer* Court concluded "that objection would be meaningless to satisfy the reasons for raising objection," and possibly would have "intensified judicial animosity[.]" *Id.* Thus, the Supreme Court did not enforce the waiver doctrine.

The instant case is distinguishable from *Hammer* in that we have no allegation of judicial animosity. To the contrary, the trial court offered seemingly well-intentioned observations on the inherent risk a criminal defendant faces when testifying at his own trial. Appellant has not offered any satisfactory reason for failing to raise this issue in a timely post-trial motion, and we therefore conclude the issue is waived because he raises it for the first time on appeal. Pa.R.A.P. 302(a).

Were we to address the merits, we would affirm the judgment of sentence. Appellant indisputably had the right to testify on his own behalf, and the record confirms that he was fully aware of that right both before and after the trial court's remarks. The trial court advised Appellant not to base his decision on its experience, and the court further advised Appellant that he could not change his mind in the event of an unfavorable outcome.

Appellant indicated his understanding and assent. Furthermore, Appellant conferred with counsel **after** the trial court's remarks, and he stated that he was following the advice of his counsel. We could not conclude, on this record, that the trial court deprived Appellant of his right to testify on his own behalf.

We will not order a new trial because Appellant failed to preserve his argument for appellate review. Further, Appellant knew of his right to testify, was afforded an opportunity to testify, and elected not to do so after conferring with counsel. Finding no reversible error, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2016

- 9 -