**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH EARL GIMBER | : | |
| | : | |
| Appellant | : | No. 2181 EDA 2022 |

Appeal from the PCRA Order Entered August 18, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0005442-2017.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 25, 2023**

Joseph Earl Gimber appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A §§ 9541-46. We affirm.

The pertinent facts have been summarized as follows:

On June 4, 2017, at 4:47 a.m., officers were dispatched to a residence in Perkiomenville, PA due to a report of a domestic incident in progress. The caller, [Gimber's] ex-wife Angelique Gimber, reported to dispatchers that [Gimber] broke into her house carrying a baseball bat and had struck her friend over the head with the bat.

When officers entered the residence through the front door, they encountered shards of glass throughout the first floor of the property. A glass sliding door at the rear of the home had been shattered. Officers met with Ms. Gimber who was visibly shaken and informed police that [Gimber] had just left in a silver truck. Ms. Gimber stated that [Gimber] had used a baseball bat to smash in the rear glass sliding door to gain access to the home. [Gimber] subsequently walked upstairs and encountered Ms. Gimber, whom

he shoved out of the way. [Gimber] walked over to Ms. Gimber's friend, Brian Gallen, and struck him over the head with the baseball bat before leaving the residence.

During the examination of the second floor of the residence, officers observed a large blood stain on the carpet of the doorway to the walk-in closet and blood smeared on the side wall of the walk-in closet. Officers observed Mr. Gallen had suffered a gaping wound to his head which was approximately three (3) inches in length and authorities had him transported to the hospital for treatment.

Authorities subsequently searched the surrounding area for [Gimber] and the silver truck described by Ms. Gimber. Officers eventually found the truck at an abandoned house marked with "No Trespassing" signs and located [Gimber] approximately three hundred (300) yards away on the wood line. [Gimber] refused to obey commands and ran back into the woods. Officers utilized a tracking K-9 and a state police helicopter to locate [Gimber] in the woods. [Gimber] again refused to listen to commands and officers apprehended him following a brief foot pursuit.

*Commonwealth v. Gimber*, 226 A.3d 635 (Pa. Super. 2020), non-precedential decision at 1-2.

On May 9, 2018, Gimber entered an open guilty plea to aggravated assault, burglary (threaten to commit bodily injury), and possession of an instrument of crime. On November 6, 2018, the trial court imposed an aggregate sentence of 8½ to 17 years of incarceration, to be followed by a three-year probationary term. The trial court denied Gimber's timely post-sentence motion, and Gimber appealed to this Court. Rejecting a challenge to the discretionary aspects of his sentence, we affirmed Gimber's judgment of sentence on January 15, 2020. Gimber did not seek further review.

On December 27, 2020, Gimber filed a timely, counseled PCRA petition. Thereafter, the Commonwealth filed an answer and a motion to dismiss. The

PCRA court held an evidentiary hearing on July 8, 2021, at which both Gimber and trial counsel testified. That same day, the court directed the parties to file briefs, which they did. By order entered August 18, 2022, the PCRA court denied Gimber's petition. Gimber appealed. Both Gimber and the PCRA court have complied with Pennsylvania Rules of Appellate 1925(a).

Gimber raises the following four issues on appeal:

Did the [PCRA] court err in denying [Gimber's PCRA petition], where it:

a) Found that trial counsel was not ineffective for failing to relay to [Gimber] the Commonwealth's offer for a negotiated guilty plea and failed to properly advise [him] of the potential benefits/detriments of entering into the same?

b) Found that trial counsel was not ineffective for failing to discuss with [Gimber] the applicable Sentencing Guidelines and failed to properly advise [him] of the benefits/detriments of entering into an open guilty plea pursuant to the same?

c) Found that trial counsel was not ineffective for failing to present witnesses to testify on [his behalf] at the sentencing hearing, even though trial counsel was aware of the existence of said witnesses and their desire to testify on [Gimber's] behalf?

d) Found that trial counsel was not ineffective for failing to properly prepare [Gimber] to address the court at sentencing and failed to properly advise [him] of the benefits/detriments of testifying versus exercising his right to allocution?

Gimber's Brief at 4 (excess capitalization omitted).[1]

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In each of his issues, Gimber challenges the effectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. **Id.** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable

_____

[1] The Commonwealth asserts that we should quash Gimber's appeal due to his failure to comply with several rules of appellate procedure. Commonwealth's Brief at 4-5. Because we can discern Gimber's arguments, we decline to quash.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first-hand." ***Commonwealth v Todd***, 820 A.2d, 707 712 (Pa. Super. 2003). ***See also Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Here, the PCRA court has authored a thorough and well-reasoned opinion pursuant to Rule 1925(a). The Honorable Wendy G. Rothstein has correctly addressed each of Gimber's ineffectiveness claims with proper citation to legal authorities and citation to the certified record. We discern no legal errors in Judge Rothstein's analysis, and we find her factual findings and credibility determinations fully supported by our review of the record. As such, we adopt Judge Rothstein's 1925(a) opinion as our own in affirming the order denying Gimber post-conviction relief. ***See*** PCRA Court's Opinion, 12/23/22, at 5-6 (finding, as a matter of credibility, that trial counsel questioned the validity of the proposed plea offer because it was "extended by someone who likely did not possess the authority to present such an offer"; further, the court credited plea counsel's testimony that Gimber promptly rejected any such

offer, and that plea counsel relayed the actual plea offer to Gimber); at 9-15 (concluding that at the plea stage a defendant need only be informed of the applicable maximum sentences; Gimber was not prejudiced by allegedly not knowing the deadly weapon enhancement would apply because he received a sentence in the standard range without adding the deadly weapon enhancement); at 15-20 (crediting plea counsel's testimony that counsel planned on using the available witnesses, but they refused to testify "due to their fear of having to testify truthfully under cross-examination regarding [Gimber's] temper;" plea counsel employed a reasonable strategy in submitting their letters instead of their testimony); and 21-23 (crediting plea counsel's testimony that he attempted to advise Gimber regarding his allocution at the sentencing hearing, but that Gimber would not accept counsel's guidance; "[a]ny alleged deficiencies in [Gimber's] statement was entirely attributable to [Gimber's] refusal of accept his counsel's instructions which were designed to effectuate [Gimber's] interests").[2]

Order affirmed.

---

[2] The parties are directed to attach Judge Rothstein's December 23, 2022, opinion to this memorandum in any future appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2023