J-S35011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
MISTY D. REYNOLDS   :
  :
Appellant   :   No. 512 MDA 2024

Appeal from the PCRA Order Entered March 25, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000355-2019

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:     **FILED: DECEMBER 24, 2024**

Misty D. Reynolds appeals from the order entered on March 25, 2024,

denying her petition filed pursuant to the Post-Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

A prior panel of this Court set forth the relevant factual and procedural

history:

> On November 23, 2020, a jury found [Reynolds] guilty of
> simple assault and aggravated assault for an incident that
> occurred on June 12, 2019. The Commonwealth alleged that
> [Reynolds] pushed the victim from a car traveling on a bridge over
> the Susquehanna River. The victim suffered cuts and scratches to
> his knees, elbow, and left hip. At trial, the victim testified that he
> suffers from spina bifida and hydrocephalus caused by the spina
> bifida.
>
> At trial, the victim further testified that he met [Reynolds]
> on a dating app called Plenty of Fish. [Reynolds] came to the
> victim's apartment and stayed the night. The victim stated that
> there was no intimacy. He stated that the next morning,
> [Reynolds] invited him to go meet her family and he agreed. While

traveling, [Reynolds] asked the victim for one hundred dollars because she spent the night with him. He told her he did not have it. [Reynolds] became angry and told the victim she wanted his sister's phone number. She tried to call the victim's sister and left a voicemail message that if she did not find a way to get [Reynolds] one hundred dollars, the victim would be in really big trouble.

The victim further testified that, after the phone call, [Reynolds] was still irate. She reached over with her right hand and opened the door. The door flew open. Before he could turn his head to the left to see what was going on, [Reynolds] had her hand on his shoulder and pushed him out the door. He stated that he hit the cement and rolled three or four times. After he composed himself, he walked and crawled back to his residence. In response to a question from the district attorney, the victim stated that his knees were bloody and scratched up, and that his left butt cheek was "really messed up." He had stones imbedded in his butt cheek, sides, knees, and hands. He went to a hospital emergency room for treatment for his injuries.

**Commonwealth v. Reynolds**, 273 A.3d 1035, 927 MDA 2021, *1 (Pa. Super. filed February 8, 2022) (unpublished memorandum; quoting trial court opinion, 7/23/21 (unpaginated); dinkus, brackets and footnotes omitted).

This Court affirmed Reynolds' judgment of sentence on February 8, 2022. Our Supreme Court denied Reynolds' petition for allowance of appeal on August 16, 2022. Reynolds filed a timely PCRA petition on March 10, 2023. Counsel was appointed and filed an amended PCRA petition. A hearing was held on March 25, 2024. At the conclusion of the hearing, the PCRA court denied relief. Reynolds timely appealed and complied with the PCRA court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Reynolds raises the following issues:

- 2 -

1. Whether the record supports the conclusion by the [PCRA] court that [Reynolds'] trial counsel was not ineffective despite the record evidence establishing that trial counsel interfered with [Reynolds'] right to testify by not representing to the [c]ourt on the record and in the presence of both the [c]ourt and [Reynolds] that [Reynolds] waived her right and that such waiver was knowing, intelligent and voluntary, by not requesting that the [c]ourt colloquy [Reynolds] to assure that she was waiving her right to testify and that such waiver was knowing, intelligent and voluntary, and by not objecting to the [c]ourt not colloquying [Reynolds] on the record to determine whether she was waiving her right to testify and whether such waiver was knowing, intelligent and voluntary?

2. Whether the PCRA [c]ourt erred as a matter of law in determining that an on the record colloquy of [Reynolds] as to her waiver of her Constitutional rights was not required?

3. Whether the PCRA [c]ourt erred in determining as a matter of law that defense counsel was not ineffective in failing to utilize a photograph of the interior of the vehicle?

Appellant's Brief, at 4-5 (suggested answers omitted).

Our scope and standard of review regarding the denial of PCRA relief is well-established:

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's factual findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (*en banc*) (quotation marks, brackets, and citations omitted).

Two of Reynolds' claims assert trial counsel was ineffective in representing her.

> Counsel is presumed to have rendered effective assistance. To establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Washington***, 269 A.3d 1255, 1263 (Pa. Super. 2022) (*en banc*) (brackets and citations omitted; some formatting provided).

In her first issue, Reynolds asserts counsel was ineffective because he interfered with her right to testify in her defense. ***See*** Appellant's Brief, at 13. Reynolds bases her belief that counsel was ineffective on the fact that there was no on-the-record colloquy regarding her decision not to testify. ***See id.*** Specifically, Reynolds avers:

> Defense counsel was ineffective in numerous particulars with respect to Reynold[s'] Constitutional right to testify. The record supports the conclusion that counsel interfered with [Reynolds'] right to testify by [] not representing to the [c]ourt on the record and in the presence of both the [c]ourt and Reynolds, that Reynolds waived her right and that said waiver was knowing, intelligent and voluntary; by not requesting that the [c]ourt colloquy Reynolds to ensure that she was waiving her right to testify and that such waiver was knowing, intelligent and voluntary; and by not objecting to the [c]ourt not colloquying Reynolds on the record to determine whether she was waiving her right to testify and whether such waiver was knowing, intelligent and voluntary.

*Id.*

Reynolds' second claim argues the trial court erred in failing to conduct an on-the-record colloquy regarding her decision not to testify. *See id.* at 15. As Reynolds' first and second claims are related, we address them together.

While the right to testify on one's own behalf is a constitutional guarantee, that right is not absolute. Our Supreme Court has held:

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with [her] right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on [her] own behalf.

*Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (citations omitted).

Notably, "[a] trial court is not required to conduct a colloquy to determine whether a defendant has made a knowing, intelligent and voluntary waiver of his right to testify." *Washington*, 269 A.3d at 1264 (citation and footnote omitted). Reynolds concedes this but alleges that because a waiver was not conducted here, we have no way to ensure Reynolds' waiver was knowing, intelligent, and voluntary. *See* Appellant's Brief, at 15. We disagree.

The PCRA court found:

> [Trial counsel] testified that he has over 20 years' experience representing criminal defendants. He testified that he discussed with [Reynolds] her right to testify several times before trial. He stated that he discussed it with [Reynolds] during a 19

minute recess that occurred after the Commonwealth rested its case. He testified that he advised her against testifying and explained his reasons (including prior convictions involving crimen falsi). He testified that it was ultimately her decision to make and she decided not to testify. Th[e PCRA c]ourt found [trial counsel's] testimony to be credible in this regard, and [Reynolds'] not to be credible.

PCRA Court Opinion, 6/6/24, at 2 (unpaginated; record citations omitted).

The PCRA court's credibility determinations are supported by the record. Upon cross-examination, Reynolds acknowledged she has many crimen falsi convictions, at least three of which would have been admissible during trial.[1] **See** N.T. PCRA Hearing, 3/25/24, at 19-22. Reynolds further conceded trial counsel advised her not to testify "[b]ecause they didn't want the jurors to know that I had a criminal history or that I was currently an inmate." **Id.** at 22. Trial counsel testified he consulted with Reynolds about her decision whether or not to testify "[o]n several occasions[.]" **Id.** at 38. Trial counsel explained he talked to Reynolds prior to trial about her decision whether to testify but advised that her decision should not come until after the Commonwealth rested their case. **See id.** at 39. Trial counsel remembered talking with Reynolds after the Commonwealth rested, advised her that her prior crimen falsi convictions would be admissible, and let her decide. **See id.**

---

[1] "Crimes involving dishonest or false statement are commonly referred to as crimen falsi crimes, for purposes of impeaching a witness's credibility." **Washington**, 269 A.3d at 1264 (brackets, italics, and citations omitted). Crimen falsi convictions are admissible to impeach the credibility of a witness, including a defendant, under Rule 609. **See** Pa.R.E. 609(a).

at 40. Reynolds chose not to testify. *See id.* at 41-42. We are bound by the PCRA court's credibility determinations. *See Medina*, 92 A.3d at 1214.

Reynolds does not assert counsel gave unreasonable advice, and we agree with the PCRA court that trial counsel did not interfere with her right to testify. As the trial court was not required to conduct a colloquy, Reynolds' first two claims do not merit relief. *See Washington*, 269 A.3d at 1264.

In Reynolds' final issue, she argues trial counsel was ineffective for failing to use a photograph of the inside of her car. *See* Appellant's Brief, at 16. Reynolds believes the photograph was necessary for the jury to understand the design of her car and therefore "it would have been practically impossible for Reynolds to continue driving the vehicle and push the victim out of the vehicle." *Id.* We disagree.

We reiterate counsel is presumed effective and a petitioner claiming ineffective assistance of counsel must establish (1) arguable merit to their claim, (2) counsel lacked a reasonable basis for his actions, and (3) the petitioner was prejudiced. *See Washington*, 269 A.3d at 1263. "With regard to the second, *i.e.*, 'reasonable basis' prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant provides that 'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013) (*en banc*) (citation omitted). Further, "an evaluation of counsel's performance is highly deferential, and the

reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." ***Commonwealth v. Thomas***, 783 A.2d 328, 333-34 (Pa. Super. 2001) (citation omitted). Finally, "[i]n order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." ***Commonwealth v. Todd***, 820 A.2d 707, 711 (Pa. Super. 2003) (citation omitted).

The PCRA court found counsel had a reasonable basis for not using the photograph and Reynolds did not show the outcome of the proceedings would have been different if the photograph were utilized. ***See*** PCRA Court Opinion, 6/6/24, at 3 (unpaginated); N.T. PCRA Hearing, 3/25/24, at 71 ("The [c]ourt credits the testimony of [trial counsel] that there were valid strategic reasons not to use the photo presented[.]"). Trial counsel explained he had the photograph, but did not present it at trial because the victim acknowledged the design of the inside of the car. ***See*** N.T. PCRA Hearing, 3/25/24, at 32. Trial counsel believed his cross-examination of the victim was sufficient to show it would be difficult, if not impossible, for Reynolds to reach across the victim while driving, maintain control of the vehicle, open the passenger side door, and push the victim out. ***See id.***; N.T. Trial, 11/23/20, at 44-45. Trial counsel argued to the jury in closing his belief that it would "extraordinary" for one to be able to keep a car steady while driving, reach over and open the passenger side door. N.T. Trial, 11/23/20, at 86. Trial counsel explained at

the PCRA hearing he did not use the photograph but was still able to argue this point to the jury because the victim admitted to the standard design of the inside of the car with a center console and gear shift between the front seats. *See* N.T. PCRA Hearing, 3/25/24, at 32-33. Furthermore, trial counsel explained he alternatively argued the lack of a police investigation because there were no photographs of the vehicle nor the scene. *See id.* at 33; N.T. Trial, 11/23/20, at 88-89. The PCRA court's factual findings are supported by the record, and we find no error of law. Reynolds' final claim does not merit relief.

Because Reynolds' claims are all meritless, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024