J-S62020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIGUEL ANGEL LANDRAU-MELENDEZ | |
| Appellant | No. 661 MDA 2017 |

Appeal from the PCRA Order March 28, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0002086-2014

BEFORE:  STABILE, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:               **FILED NOVEMBER 22, 2017**

Miguel Angel Landrau-Melendez appeals from the March 28, 2017 order entered in the Lebanon County Court of Common Pleas denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

The opinion prepared for direct appeal by the Honorable Bradford H. Charles set forth a detailed factual history, which we adopt and incorporate herein.  **See** Opinion, 10/21/15, at 2-5.  On May 7, 2015, a jury convicted Landrau-Melendez of aggravated harassment by a prisoner, 18 Pa.C.S. § 2703.1,[1] based on evidence that he threw a cup of urine on another inmate.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court convicted Landrau-Melendez of harassment, 18 Pa.C.S. § 2709, which, for sentencing purposes, merged with the other conviction.

On June 17, 2015, the trial court sentenced Landrau-Melendez to 21 to 72 months' incarceration on the conviction for aggravated harassment by a prisoner. On November 18, 2015, Landrau-Melendez timely appealed to this Court. On September 16, 2016, we affirmed his judgment of sentence.

On June 20, 2016, Landrau-Melendez, acting *pro se*, filed the instant PCRA petition. On August 5, 2016, Landrau-Melendez, through appointed counsel, filed an amended PCRA petition. On March 23, 2017, the trial court held a hearing on the petition. On March 29, 2017, the trial court denied the petition. On April 13, 2017, Landrau-Melendez timely filed an appeal.

Landrau-Melendez raises seven issues on appeal:

1. Whether Trial Counsel was ineffective for failing to take into account [Landrau-Melendez]'s comments on selecting the Jury and who Landrau-Melendez wanted and did not want on the Jury?

2. Whether Trial Counsel was ineffective for failing to allow [Landrau-Melendez] to testify at trial after he stated his desire to do so?

3. Whether Trial Counsel was ineffective for failing to call the cellmate of the victim . . . as a witness. Said witness would have aided in [Landrau-Melendez]'s defense?

4. Whether Trial Counsel was ineffective for failing to request and use [Landrau-Melendez]'s misconduct report. Said report would have aided in [Landrau-Melendez]'s defense?

5. Whether Trial Counsel was ineffective for failing to adequately cross-examine . . . Captain [Ott] during cross-examination. [Landrau-Melendez] had requested Trial Counsel to question him on where and how the interview took place and also how he obtained the letter that [Landrau-Melendez] allegedly wrote?

6. Whether Trial Counsel was ineffective for failing to subpoena a handwriting expert to prove that [Landrau-Melendez] did not write the confession letter?

7. Whether the Trial Court erred when it appointed Attorney Elizabeth Judd, after she was found to be ineffective in another case where she represented [Landrau-Melendez.]

Landrau-Melendez's Br. at 4-5.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015).

All but the last of Landrau-Melendez's claims asserts trial counsel ineffectiveness. To prevail on ineffective assistance of counsel claims, "[the PCRA petitioner] must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). "The law presumes counsel was effective." *Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super. 2012). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to

meet any of these prongs." ***Commonwealth v. Williams***, 980 A.2d 510, 520 (Pa. 2009).

First, Landrau-Melendez argues that his counsel at jury selection, Nicholas J. Sidelnick, Esquire,[2] "was ineffective for failing to listen to [his] requests and direction regarding the selection of his jury." Landrau-Melendez's Br. at 10. Landrau-Melendez claims that he expressed concerns to counsel about the racial makeup of his jury and that counsel said there was little he could do because "almost all the jury that come[s] over here is like white, in the middle, old persons." ***Id.*** at 9 (quoting N.T., 3/23/17, at 9).

The trial court concluded that Landrau-Melendez's claim lacked merit chiefly because the court found that Landrau-Melendez never raised an issue regarding jury composition with trial counsel. Opinion, 6/2/17, at 6 ("1925(a) Op."). The trial court also observed that "it is not unusual for Lebanon County juries to be predominantly Caucasian" based on the county's demographics. ***Id.***

To the extent that Landrau-Melendez is claiming that counsel should have objected on the basis that the jury panel was not a fair cross-section of

_____

[2] Landrau-Melendez was represented by the public defender through his direct appeal. While Landrau-Melendez was primarily represented by Elizabeth Judd, Esquire, he was counseled at jury selection by Attorney Sidelnick, another member of the public defender's office. N.T., 3/23/17, at 28.

the community,[3] Landrau-Melendez presented no evidence that would support such a claim. Further, counsel did not recall Landrau-Melendez raising any discussions or concerns during the jury selection process and recalled telling other defendants that there is little he could do to change the racial makeup of the jury pool other than tell clients to "write down any particular people that they don't want in the jury." N.T., 3/23/17, at 30. Counsel also testified that if there had been an issue with the racial makeup of the jury, he would have objected to preserve that issue. *See id.* at 32-33. Under these circumstances, Landrau-Melendez failed to demonstrate that trial counsel lacked a reasonable basis for not objecting during jury selection. Accordingly, the trial court did not err in dismissing this claim.

Next, Landrau-Melendez argues that his trial counsel, Elizabeth Judd, Esquire, was ineffective for failing to allow him to testify on his own behalf. According to Landrau-Melendez, he told trial counsel that he wanted to testify. Landrau-Melendez asserts that he told the trial court he did not want to testify in his own defense "[b]ecause [he] thought [he] was doing the right thing at the moment" by following trial counsel's advice not to testify. Landrau-Melendez's Br. at 15.

_____

[3] To prevail on such a challenge, a defendant must show that "1) the group allegedly excluded is a distinctive group in the community; 2) representation of this group in the pool from which juries are selected is unfair and unreasonable in relation to the number of such persons in the community; and 3) the under-representation is due to the systematic exclusion of the group in the jury selection process." *Commonwealth v. Lopez*, 739 A.2d 485, 495 (Pa. 1999) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

Our Court has stated:

> [T]he decision to testify on one's own behalf:
>
>> is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.
>
>> [*Commonwealth v. Thomas*, 783 A.2d 328,] 334 [Pa.Super. 2001)]. "Counsel is not ineffective where counsel's decision to not call the defendant was reasonable." *Commonwealth v. Breisch*, 719 A.3d 352, 355 (Pa.Super. 1998).

*Commonwealth v. Todd*, 820 A.2d 707, 711 (Pa.Super. 2003).

Here, the trial court colloquied Landrau-Melendez on his right to testify and ensured his decision not to do so was voluntary. N.T., 5/7/15, at 48-49. Under these circumstances, we agree with the trial court's conclusion that trial counsel did not interfere with Landrau-Melendez's right to testify in his own.

Next, Landrau-Melendez argues that trial counsel was ineffective for failing to call the victim's cellmate, Bryan Bennett, as a witness at trial. According to Landrau-Melendez, "Bennett's testimony would have been very crucial as to what occurred at the time of alleged incident. . . . [and h]ad [t]rial [c]ounsel called [] Bennett to testify at trial, the [j]ury would have been able to determine that [Landrau-Melendez] did not commit such acts." Landrau-Melendez's Br. at 21.

To establish counsel's ineffectiveness for failing to call a potential witness, a petitioner must show that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate *. . .* prejudice, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (internal citations and some quotations marks omitted).

The trial court dismissed this claim because Attorney Judd testified that Landrau-Melendez had admitted his guilt to her and, had Bennett witnessed the incident, Attorney Judd "could have legitimately believed that [] Bennett would tell the truth and describe what [Landrau-Melendez] himself admitted doing." 1925(a) Op. at 10.

We conclude that Landrau-Melendez's claim is meritless. Trial counsel testified that she and Landrau-Melendez had discussed Bennett passing the note to the victim, but that Landrau-Melendez "did not bring to [her] attention] a witness that he wanted subpoenaed and brought to trial." N.T., 3/23/17, at 37. Further, Landrau-Melendez did not establish that Bennett was available or willing to testify.

Next, Landrau-Melendez argues that trial counsel was ineffective for failing to introduce a misconduct report[4] from the Lebanon County Correctional Facility regarding the incident. According to Landrau-Melendez, because the report did not disclose that Landrau-Melendez admitted to the offense or that there was any direct evidence linking Landrau-Melendez to the offense, the report would have supported his defense.

The trial court concluded that counsel had a reasonable basis for not introducing the misconduct report because, even though the report lacked any confession, "[t]here were many more things negative than positive in the report." 1925(a) Op. at 11. We agree.

At the PCRA hearing, Attorney Judd testified that while misconduct reports may sometimes help a defendant, she did not believe that this report was helpful because it portrayed Landrau-Melendez as uncooperative and combative. N.T., 3/23/17, at 37. Attorney Judd further stated that the report was unhelpful because it disclosed that when corrections officers confronted Landrau-Melendez, he told them "you would have to test the urine, you have my DNA." *Id.* at 38. Attorney Judd stated that she was "relieved when the report wasn't brought up because there were more things that were negative for him than positive." *Id.* at 38. Given these issues with the misconduct report, we agree with the trial court that Attorney Judd had a reasonable basis for not introducing it at trial.

_____

[4] Landrau-Melendez did not attach a copy of the report to his PCRA petition or his brief, nor did he introduce the report at his PCRA hearing.

Next, Landrau-Melendez argues that trial counsel was ineffective because she inadequately cross-examined Captain Michael Lee Ott of the Lebanon County Correctional Facility. According to Landrau-Melendez, he asked Attorney Judd to cross-examine Captain Ott about (1) "being how that chain command that the letter got to the victim," and (2) who was at the interview, "to try to poke hole in the interview." Landrau-Melendez's Br at 28 (quoting N.T., 3/23/17, at 22). Landrau-Melendez asserts that Attorney Judd had no reasonable basis not to cross-examine Captain Ott.

The trial court rejected this claim, concluding not only that it "did not understand what it was [Landrau-Melendez] wanted to ask Captain Ott," but also that Landrau-Melendez presented "no evidence . . . that any answers that Captain Ott could have offered would somehow have been helpful." 1925(a) Op. at 12. Further, the trial court noted that Attorney Judd was aware that Captain Ott held information damaging to Landrau-Melendez's case and, as a result, Attorney Judd "believed that the best strategy in dealing with Captain Ott was to ask as few questions as possible." *Id.* Thus, Attorney Judd elected not to cross-examine Captain Ott more extensively to avoid the release of damaging information which, under the circumstances, was not ineffective assistance. *Cf. Commonwealth v. Showers*, 681 A.2d 746, 753-54 (Pa.Super. 1996) (concluding that decision to limit cross-examination of Commonwealth's forensic psychiatrist was reasonable because "an extended cross-examination might have allowed [the expert] to restate his opinion

regarding the deceased's risk of suicide"). Under these circumstances, we conclude that the trial court correctly dismissed this claim.

Next, Landrau-Melendez argues that trial counsel was ineffective for failing to subpoena a handwriting expert witness to prove that he did not write the note the victim received.

The trial court dismissed found this claim meritless, largely because Landrau-Melendez told Attorney Judd that he had written the letter. At the PCRA hearing, trial counsel testified that Landrau-Melendez told her that he had written the note that was given to the victim. N.T., 3/23/17, at 40. Trial counsel also testified that this informed her decision not to subpoena a handwriting expert because she "believed it would be unethical to get an expert" after learning that information. *Id.* at 41. Because Landrau-Melendez admitted to trial counsel that he wrote the letter, the trial court did not err in concluding that this claim was meritless.

Finally, Landrau-Melendez argues that the trial court erred in appointing Attorney Judd as trial counsel because Attorney Judd had provided ineffective assistance to Landrau-Melendez in a different case. According to Landrau-Melendez, because "Attorney Judd was previously found to be ineffective on [his] behalf, [he] believes that it was not judicially fit to have that same ineffective counsel appointed to another one of [his] cases."

The trial court concluded that this claim was meritless because Landrau-Melendez "never filed a motion with the Court to remove Attorney Judd. . . . [and] failed to express any concern verbally about Attorney Judd's

representation of him." 1925(a) Op. at 13. In addition, the trial court found that Attorney Judd acknowledged that she had missed a filing deadline for a petition for allowance of appeal in Landrau-Melendez's other case. *Id.* The trial court also found that when Attorney Judd disclosed this mistake to Landrau-Melendez and informed him that he could obtain another attorney in this case, Landrau-Melendez expressed confidence and satisfaction with her representation. *Id.*

Despite being told that he could obtain another attorney, Landrau-Melendez never filed a motion to remove Attorney Judd. He raised this issue for the first time in his PCRA petition. Because Landrau-Melendez could have raised this issue before the trial court, we conclude that Landrau-Melendez has waived this claim. *See* 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2017

- 11 -