J-S36014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                              :

              v.                                 :

MARCUS D. JORDAN,               :
                                            :
            Appellant.           :     No. 473 EDA 2017

Appeal from the PCRA Order, January 13, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0009862-2013,
CP-51-CR-0010246-2013, CP-51-CR-0010247-2013,
CP-51-CR-0011620-2010.

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED SEPTEMBER 18, 2018**

Marcus D. Jordan appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA summarized the pertinent facts and procedural history as follows:

> On October 24, 2013, [Jordan] entered non-negotiated pleas of guilt before the Honorable Chris R. Wogan, on four separate bills of information, to numerous charges of [Robbery], Assault and related Weapons Offenses. Judge Wogan bifurcated [Jordan's] sentencing, immediately sentencing him to an aggregate 7 years [of] probation on the weapons offenses. On April 28, 2014, [Jordan] was sentenced on the remaining charges, resulting in an aggregate sentence of 9 to 35 years of incarceration followed by 27 years of probation.

[Jordan] subsequently filed a *pro se* motion to reconsider sentence, on May 5, 2014, at CP-51-CR-0009862-2013 only. This motion was denied by operation of law on September 4, [2014].

On August 23, 2015, [Jordan] timely filed the instant *pro se* PCRA petition[.] On April 23, 2016, [PCRA counsel] was appointed as counsel to represent [Jordan] for the purposes of his PCRA petition. On July 12, 2016, [PCRA counsel] filed [an] amended PCRA petition and memorandum of law on [Jordan's] behalf. On August 2, 2016, the Commonwealth filed a motion to dismiss [Jordan's] PCRA petition. On January 13, [2017], the [PCRA court], after a hearing, entered an Order dismissing [Jordan's] PCRA petition as being without merit.

PCRA Court Opinion, 9/21/17, at 1-2 (footnotes omitted). This timely appeal follows. Both Jordan and the PCRA court have complied with Pa.R.A.P. 1925.

Jordan raises the following issues:

I.     Whether the [PCRA] Court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for not filing a motion for reconsideration.

II.    Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for not filing a direct appeal.

**See** Jordan's Brief at 3.

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In assessing a claim of ineffectiveness, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Jordan claims that he is entitled to the reinstatement of his direct appeal rights because trial counsel failed to file a motion to reconsider his sentence and a direct appeal, even though he requested him to do so.

In his first issue, Jordan asserts that trial counsel was ineffective for failing to file a motion for reconsideration of his sentence. He then presents his entire argument as follows:

> [Jordan's claim of trial counsel's] ineffectiveness is of arguable merit. [Jordan] told his attorney on the day he was sentenced that he wanted him to put in a motion for reconsideration of sentence. His girlfriend also asked counsel to do so. To insure that it happened, [Jordan] filed for reconsideration *pro se*. [Jordan] then found out later that [counsel's motion was not] was put in.

> Counsel's failure to file a motion to reconsider the sentence is clearly ineffective assistance of counsel. For starters, counsel's failure to file a motion to reconsider [Jordan's] sentence is of arguable merit. In **Commonwealth v. Eby**, 784 A.2d 204 (Pa. Super. 2001) the Court noted that, "unless the particular facts of the case in question are distinguishable from the typical case of that same offense, a sentence within the standard range would be called for." [**Id.** at 208-09]. Counsel's failure to file a motion to reconsider is of arguable merit as the probationary aspect of the sentence clearly was outside of such guidelines.

> Secondly, there was no "reasonable basis" for counsel not to file a motion to reconsider [Jordan's] sentence. No valid reasonable basis was offered by the Commonwealth or the PCRA Court for this and the Commonwealth neglected to call Trial Counsel in to testify or rebut [Jordan's] contentions at the evidentiary hearing.

> Finally, [Jordan] suffered actual prejudice as a result of counsel's failure to file a motion to reconsider [his] sentence. He cannot appeal the sentence to the appellate court since no reconsideration of sentence was filed. Because counsel failed to file the Motion as requested, no

- 4 -

appeal was filed by counsel. Had [counsel] filed the Reconsideration Motion as requested, he would have known to file an appeal as [Jordan] asked him if the Motion was denied.

Jordan's Brief at 17.

At the January 13, 2017 PCRA hearing, Jordan was the only witness to testify. Although trial counsel, at the time of the hearing, was working in another courtroom, Jordan did not call him to testify. After hearing Jordan's direct testimony, as well as the Commonwealth's cross-examination of him, the PCRA court determined that Jordan could not establish "actual prejudice." The court explained:

> It is clear from the record that [Jordan] has failed to meet the third prong of the [ineffectiveness] test, that is, he failed to establish that there is a reasonable probability that the act or omission prejudiced [Jordan] in such a way that the outcome of the proceeding would have been different." Prior to accepting his plea, Judge Wogan, after reviewing the charges against him, noted for the record that [Jordan] was facing 119 ½ to 239 years, relating only to those charges to which he was pleading guilty. After an extensive guilty plea colloquy, Judge Wogan reviewed [Jordan's] pre-sentence report, mental health report, argument of counsel and heard the testimony of both [Jordan] and his mother. Prior to imposing sentence, Judge Wogan stated for the record; "My reasons for giving a way below guideline sentence, which you will hear this again from me throughout this hearing, is that you've pled guilty and accepted responsibility, which are mitigating factors, and you appeared to be sincere today in saying that you were sorry and apologizing to the victims. Although, unfortunately, they won't hear that." The Commonwealth was seeking an aggregate sentence of 12 ½ to 25 years. However, as noted, Judge Wogan ultimately imposed a significantly reduced sentence of 9 to 35 years of incarceration followed by 27 years of probation.

> Furthermore, [Jordan] concedes that the only relief he was seeking was a review of his sentence resulting in an adjustment of his [probationary sentences] to run concurrently as opposed to consecutively. This is clearly contrary to Judge Wogan's expressed intent at sentencing.
>
> As it is clear on the record that [Jordan's] complaint is without merit, there was no reason for the Court to receive trial counsel's testimony, as it was rendered moot. After a careful review of the record and given the vicious nature of [Jordan's] crimes, the Court concludes that there is no reasonable probability the outcome of counseled post-[sentence] motions would have been different had trial counsel filed such motions seeking reconsideration of [Jordan's] sentence.

PCRA Court Opinion, 9/21/17, at 5-6. We agree.

Jordan's bare assertion that he suffered "actual prejudice" because his sentencing claim would not be preserved on appeal is unavailing. In **Reaves**, 923 A.2d 1119 (Pa. 2007), our Supreme Court addressed whether a PCRA petitioner whose counsel failed to file a motion to reconsider sentence suffered prejudice. The Superior Court had "summarily concluded" that prejudice was presumed because counsel's inaction "effectively waived [Reaves'] right to challenge this issue on appeal." **Reaves**, 923 A.2d at 1123 (citing **Reaves**, 3190 EDA 2003, unpublished memorandum at 4-5).

Our Supreme Court disagreed. Instead, the Court held that a PCRA petitioner raising a claim of ineffectiveness regarding counsel's failure to file a motion for reconsideration must establish **actual** prejudice. **See Reaves**, 923 A.2d at 1130. Specifically, the Court held that a PCRA petitioner must show that filing the motion would have led to a more favorable sentence:

> The Commonwealth argues that the Superior Court's prejudice analysis misses the mark because the panel improperly focused on the effect of counsel's inaction upon the [**appeal**], rather than looking to the outcome of the underlying [proceeding] itself. The Commonwealth is correct. Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions. Whether [counsel] can be deemed ineffective, then, depends upon whether [a defendant] has proven that a motion to reconsider sentence if filed . . . would have led to a different and more favorable outcome at [sentencing]. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence. The Superior Court panel erred as a matter of law in failing to appreciate the actual focus of the [actual] prejudice standard.

**Reaves**, 923 A.2d at 1131-32 (emphasis in original; footnote omitted). Our Supreme further concluded that Reaves did not establish actual prejudice, since "[on] this record, there is no reason to believe that, if only counsel had asked for a statement of reasons for the sentence at the [time of sentencing] that statement or explanation alone would have led the court to reduce the sentence"). **Id.** at 1132.

Here, we agree with the PCRA court that Jordan failed to establish actual prejudice. Our Supreme Court in **Reaves** rejected a petitioner's claim of actual prejudice based merely upon counsel's failure to preserve an appellate issue. Moreover, although Jordan included a Pa.R.A.P. 2119(f) statement in his brief regarding the discretionary aspects of his sentence, in his accompanying argument, Jordan does not develop the claim beyond his bare

- 7 -

assertion that the probationary sentence he received on some of the charges fell outside the sentencing guidelines. **Compare Reaves**, 923 A.2d at 1132-33 (remanding so that this Court may address additional claims of ineffective assistance Reaves raised involving the discretionary aspects of the sentence imposed). Jordan has provided no basis to disturb the PCRA court's determination that a motion for sentence reconsideration would have resulted in a reduced sentence.[1] Given these circumstances, the PCRA court did not err in dismissing Jordan's first ineffectiveness claim.

We next address Jordan's second claim that trial counsel was ineffective for failing to file his appeal. As this Court has summarized:

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999). In **Lantzy**, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is only appropriate where the petitioner plead and proves that a timely appeal was in fact requested and that counsel ignored that request. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal.

---

[1] Jordan's bare assertions within his Rule 2119(f) statement that the trial court "imposed a sentence that was so manifestly excessive as to constitute to severe a punishment" and that the trial court "did not properly take into account the rehabilitative needs of [Jordan]" does not alter our conclusion. **See** Jordan's Brief at 14.

- 8 -

*Commonwealth v. Spencer*, 892 A.2d 840, 842 (Pa. Super. 2006).

In support of this claim, Jordan contends that his testimony that he requested that trial counsel file an appeal was uncontested. *See* Jordan's Brief at 19. We disagree. Our review of the record reveals that, upon direct examination, Jordan conceded that, after he was sentenced and informed of his post-sentence rights, he informed the court that he did not want to file an appeal. *See* N.T., 1/13/17, at 12-13. Upon cross-examination, Jordan acknowledged his statement at sentencing several times. *See id.*, at 17-26.

Moreover, although Jordan faults the Commonwealth for failing to present trial counsel's testimony, it is well settled that this burden falls upon Jordan. *See Commonwealth v. Jones*, 596 A.2d 885 (Pa. Super. 1991) (explaining that a PCRA petitioner must produce trial counsel at a PCRA evidentiary hearing to meet his burden of proof).

Finally, because Jordan acknowledged his prior statements at sentencing, the PCRA court itself determined that trial counsel's testimony was not needed. *See* N.T., 1/13/17, at 26 (stating, "I don't know if we have to hear from [trial counsel] if [Jordan] says he never asked him to file an appeal"). Given the denial of post-conviction relief, the PCRA court found Jordan's prior statements to be credible. Although Jordan testified that he "didn't know what was really going on," and that he was "in a state of shock during that moment," when he made these statements at sentencing, we cannot disturb this credibility determination. This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's

demeanor first hand." ***Commonwealth v. Todd***, 820 A.2d 707, 712 (Pa. Super. 2003); ***see also Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's credibility determination is supported by the record, it cannot be disturbed on appeal).

In sum, the PCRA court correctly determined that Jordan did not establish either of his claims of trial counsel's ineffectiveness, and the PCRA court properly dismissed his amended PCRA petition. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/18