J-S41006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL ROBERT SNIDER | : | |
| | : | |
| Appellant | : | No. 1161 MDA 2019 |

Appeal from the PCRA Order Entered June 7, 2019,
in the Court of Common Pleas of Union County,
Criminal Division at No(s):  CP-60-CR-0000340-2010.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: OCTOBER 30, 2020**

Joel Robert Snider appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

This Court has previously summarized the pertinent facts and partial procedural history as follows:

> On August 8, 2014, Snider entered into a negotiated plea of guilty but mentally ill to one count of third-degree murder and one count of burglary.  The charges arose from the shooting death of Sudharman Joseph Fenton on July 5, 2010.  Snider was sentenced at the time of his plea to the agreed upon aggregate sentence of 30–60 years' incarceration.  On July 7, 2015, Snider filed an untimely, *pro se*, notice of appeal.  This notice was docketed on July 10, 2015.  At the same time, he sought appointment of counsel.

---

[*] Retired Senior Judge assigned to the Superior Court.

The trial court denied Snider counsel but did not address the notice of appeal. Shortly after the denial of his request for counsel, Snider filed a *pro se* PCRA petition. In that petition, Snider indicated counsel never consulted with him regarding a direct appeal, and that due to his mental illness and the nature of his incarceration, he was unable to contact counsel. Snider further allege[d] that as his illness stabilized, he did contact counsel and asked that a direct appeal be filed. However, counsel declined as the 30-day limit to file an appeal had expired.

Snider was appointed counsel who filed an amended PCRA petition. That petition . . . incorporated all of Snider's claims raised in the *pro se* PCRA petition and amplified [the] claims Snider raised regarding his mental illness and whether his guilty plea was knowing, voluntary, and intelligent. The PCRA court denied Snider's petition without a hearing. [Snider appealed].

*Commonwealth v. Snider*, 181 A.3d 437 (Pa. Super. 2017) (unpublished memorandum).

Before we decided Snider's substantive issues on his 2017 PCRA appeal, we addressed the *pro se* notice of appeal filed by Snider, but unresolved by the trial court. A panel of this Court reasoned, that this circumstance "represent[ed] a "breakdown of the judicial process." *Snider*, unpublished memorandum at 3. We then determined that the unresolved *pro se* notice of appeal should have been treated as a PCRA petition, and, therefore, the *pro se* PCRA petition at issue would be considered an amendment to that filing. *Id.* Noting that Snider's *pro se* PCRA petition "included references to his attempts to file a direct appeal and/or withdraw his guilty plea," we interpreted Snider's petition "to include a request for *nunc pro tunc* relief to file a direct appeal." *Id.* at 4 (footnote omitted). We then concluded that a remand was

necessary to determine if Snider's direct appeal right should be reinstated *nunc pro tunc*:

> This issue, left unresolved by the breakdown of the judicial process, must be addressed; therefore, a remand to the PCRA court is necessary. Because there exists a possibility that Snider is entitled to *nunc pro tunc* relief, we will not address any of the other issues raised in Snider's PCRA petition. If the parties and the court believe there are other issues that need factual clarification, the hearing may include those as well.

***Snider***, unpublished memorandum at 4-5. Thus, we vacated the PCRA court's order denying relief and remanded for an evidentiary hearing.

Following remand, the PCRA court held a series of evidentiary hearings, at which multiple witnesses testified, including Snider and Snider's trial counsel. According to Snider, his direct appeal rights should be reinstated *nunc pro tunc* because prison officials, as well as prison conditions, prevented him from communicating with trial counsel during the applicable appeal period. ***See*** N.T., 2/12/18, at 35-44. Snider further testified that he was incompetent at the time he entered his guilty plea. ***See*** N.T., 12/20/18, at 15. Snider's trial counsel testified that Snider did not request an appeal in a timely manner, and stated that he would have filed the appeal if Snider had requested him to do so. Trial counsel also testified that he believed Snider was competent to enter his guilty plea. ***See*** N.T., 2/12/18, at 14-22.

By ordered entered June 7, 2019, the PCRA court denied Snider's PCRA petition. This timely appeal followed. This Court remanded for a **Grazier**[1] hearing. The PCRA court held the hearing on January 30, 2020. Thereafter, the PCRA court permitted PCRA counsel who had filed Snider's notice of appeal to withdraw and appointed present counsel.[2] The PCRA court did not require appointed counsel to comply with Pa.R.A.P. 1925(b). The PCRA court did not file a Rule 1925(a) opinion.

Snider now raises the following issues:

> I.    Whether the [PCRA] court [] erred/abused its discretion in denying [Snider's] petition for post conviction relief?
>
> II.   Whether the [PCRA] court [] erred/abused its discretion in denying [Snider's] request to reinstate his direct appeal rights?

Snider's Brief at 11.

Our scope and standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2] On April 21, 2020, present counsel filed an application for remand on Snider's behalf, in which Snider requested a remand for another evidentiary hearing so that he could raise claims that his trial and PCRA counsel were ineffective. Both claims of ineffectiveness are being raised inappropriately for the first time on appeal. **See generally**, Pa.R.A.P. 302(a); **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012). Thus, we deny Snider's application for remand.

appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions de novo.

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

Regarding the reinstatement of direct appeal rights *nunc pro tunc*, this Court has summarized:

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999). In ***Lantzy***, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is only appropriate where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. ***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal.

***Commonwealth v. Spencer***, 892 A.2d 840, 842 (Pa. Super. 2006).

Snider does not expressly raise a claim of trial counsel's ineffectiveness for failing to file a timely appeal. Rather he "avers he was obstructed from filing a direct appeal by improperly [being] denied his right to contact counsel and his lack of mental health treatment including being deprived of his medication and [being] placed into solitary confinement." Snider's Brief at 14. Notwithstanding, his failure to challenge counsel's effectiveness, Snider's

initial burden of proof remains the same—he must first establish that he requested the appeal.

Here, the PCRA court concluded that Snider failed to meet his burden of proof. The PCRA court reasoned: "[Snider] testified at length about the alleged interference on the part of state prison officials with his direct appeal rights. This court does not find this testimony credible." PCRA Court Opinion, 6/7/19, at 4 (unnumbered).

Our review of the record supports the PCRA court's conclusions. This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand." **Commonwealth v. Todd**, 820 A.2d 707, 712 (Pa. Super. 2003). As a matter of credibility, the PCRA court believed did not believe Snider. We cannot disturb this determination. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). In addition, while Jean Landis, whom Snider described as a part of "the mitigation portion[3] of my legal team" and "a liaison between myself and [trial counsel]," confirmed that she spoke with Snider during the time for filing a timely appeal, she had no recollection of Snider asking her to inform trial counsel that he wished to file

---

[3] The Commonwealth originally charged Snider with capital murder; Snider avoided a potential death sentence by entering his negotiated guilty plea.

an appeal. According to Ms. Landis, had Snider asked for an appeal, she would have passed that request on to trial counsel. *See* N.T., 4/1/19, at 8-26.

In sum, the PCRA court correctly determined that Snider did not establish his burden of proving he had requested a direct appeal. We therefore affirm the PCRA court's order denying post-conviction relief.

Application for Remand denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2020