J-S43025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
           v.                     :
                                   :
                                   :
JUAN TORRES                      :
                                 :
                Appellant       :      No. 685 EDA 2021

Appeal from the Order Entered March 10, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0006471-2013,
CP-51-CR-0006624-2013, CP-51-CR-0008305-2013.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
           v.                     :
                                   :
                                   :
JUAN TORRES                      :
                                 :
                Appellant       :      No. 686 EDA 2021

Appeal from the Order Entered March 10, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0006471-2013,
CP-51-CR-0006624-2013, CP-51-CR-0008305-2013.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
           v.                     :
                                   :
                                   :
JUAN TORRES                      :
                                 :
                Appellant       :      No. 688 EDA 2021

Appeal from the Order Entered March 10, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0006471-2013,
CP-51-CR-0006624-2013, CP-51-CR-0008305-2013.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED FEBRUARY 22, 2023**

Juan Torres appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A.  §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  Between October 2012 and April 2013, Torres committed three unrelated crimes charged at three different dockets.  At No. 685 EDA 2021, Torres sexually assaulted his niece ("sexual assault case"), at No. 686 EDA 2021, he shot at a police officer ("attempted murder case"), and at No. 688 EDA 2021, he robbed a distant relative ("robbery case").  A different attorney represented Torres at each docket.[1]

_____

[1] Prior counsel filed three notices of appeal in which he listed all three docket numbers and  stated on each that the appeal was from the judgment of sentence imposed on August 29, 2016.  On May 13, 2021, in each appeal, this Court issued a rule to show cause why the appeal should not be dismissed as untimely.  On May 17, 2021, current counsel filed an "Amended and Corrected Notice of Appeal" at each docket number, which listed only one trial court docket number and stated the appeal is from the PCRA order entered on March 10, 2021.  While current counsel first did not seek permission to amend, we use his identification of the docket number for each appeal and we have
*(Footnote Continued Next Page)*

On May 24, 2016, in the robbery case, Torres entered a plea of *nolo contendere* to both possession of instruments of crime ("PIC") and robbery. At that time, the trial court sentenced Torres on the PIC conviction to three years of probation. Pursuant to plea counsel's request, the trial court deferred sentencing on the robbery conviction to a later date.

On June 9, 2016, Torres entered pleas at the two remaining dockets. In the sexual assault case, Torres entered a plea of *nolo contendere* to unlawful contact with a minor, corrupting the morals of a minor, indecent assault, terroristic threats, and intimidation of a witness. That day, the trial court sentenced Torres on the corrupting the morals of minor conviction to five years of probation and deferred sentencing on the remaining convictions to a later date.

In the attempted murder case, Torres entered a guilty plea to attempted murder, assault of a law enforcement officer, three firearm violations, and possession of instruments of crime. That day, the trial court sentenced Torres on one of the firearm violations to three years of probation and deferred sentencing on the remaining convictions to a later date.

---

corrected the caption to reflect the correct order being appealed. We further note that prior counsel's listing of all three dockets on each notice of appeal does not require quashal. **See generally**, **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*).

On August 29, 2016, the trial court sentenced Torres for his remaining convictions at all three dockets. In sum, the trial court sentenced Torres to an aggregate term of 20 to 40 years of imprisonment, and a consecutive probationary term. Torres did not file an appeal at any docket.

On August 3, 3017, Torres filed a timely PCRA petition *pro se*. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on January 31, 2018. In the amended petition, Torres first sought reinstatement of his post-sentence and appellate rights *nunc pro tunc* on the grounds that Torres requested an appeal at each docket, but each attorney failed to file the requested appeal. As to his robbery case, Torres further claimed that plea counsel's ineffectiveness caused him to enter an involuntary plea. The PCRA court held evidentiary hearings regarding Torres appeal request at which Torres and each attorney presented conflicting evidence. On January 30, 2020, the PCRA court held another evidentiary hearing to address the additional claim raised in his robbery case. The court took the matter under advisement.

Thereafter, the PCRA court issued several continuances while waiting for the transcription of testimony. On January 15, 2021, the PCRA court held a hearing and ultimately issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Torres' PCRA petition as meritless. On February 26, 2021, Torres filed a *pro se* response. By order entered March 10, 2021, the PCRA court dismissed

Torres' amended petition. This appeal followed. Both Torres and the PCRA court have complied with Pa.R.A.P. 1925.

Torres raises the following three issues on appeal, which we have reordered as follows:

> Did the PCRA Court err and/or abuse its discretion when it denied [Torres' amended petition] under the PCRA seeking leave to file a direct appeal *nunc pro tunc* where plea counsel failed to file an appeal?
>
> Did the PCRA Court err and/or abuse its discretion when it denied [Torres' amended petition] under the PCRA seeking relief where [his] counsel was ineffective for failing to file a motion to withdraw his guilty plea which was not knowing, intelligent, and voluntary?
>
> Did the PCRA Court err and/or abuse its discretion when it denied [Torres' amended petition] under the PCRA seeking relief where [his] plea was the result of ineffectiveness of plea counsel?

Torres' Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Torres' issues assert the ineffectiveness of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable

adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his first two issues, Torres asserts that each plea counsel was ineffective for failing to file a post-sentence motion to withdraw his plea and a direct appeal even though he asked counsel to do so. As this Court has recently summarized:

> Our Supreme Court has held that where "there is an unjustified failure to file a requested appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564, 572 (Pa. 1999). Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. ***Id.*** However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [the petitioner] **must prove that he requested an**

> **appeal and that counsel disregarded this request.**"
> ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa.
> Super. 2001)(emphasis added).

***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa. Super. 2020).

Here, the PCRA court found no merit to either claim based upon the testimony presented at the first two evidentiary hearings. As to Torres' first issue, the court explained:

> [Torres] alleged he mailed three letters to each of his attorneys within days after sentencing, requesting they file a direct appeal. However, testimony from counsel revealed that none of them received any such letter. Further, [plea counsel in the attempted murder case] was able to provide two other letters he received from [Torres] within the same month the letter in question was allegedly sent. Neither of these letters referenced the existence of the letter in question, nor was there any indication in those letters that [Torres] desired counsel to file an appeal. Additionally, [Torres] was unable to provide any postage or copies of the alleged letters sent to counsel. The only evidence [Torres] was able to present of these letters even existing were carbon copies.
>
> This court credited statements from [all three counsel] that [Torres] never requested a direct appeal with them and that, given their experience in the field, if [Torres] had done so, they would have filed an appeal on his behalf. This court therefore concluded, based on the testimony of counsel and [Torres'] inability to prove that any letters requesting an appeal were ever sent, that [Torres] failed to prove that he ever requested his counsel file a direct appeal. As [Torres] cannot satisfy his burden of proving that any of his counsel were ineffective, no relief is due on this claim.

PCRA Court Opinion, 3/9/22, at 10-11 (excess capitalization omitted).

As to Torres' second issue, the PCRA court similarly explained:

> [Torres] next claims that all of his counsel were ineffective for failing to file a motion to withdraw his guilty and *nolo contendere* pleas. [Torres] maintains he requested this of his

attorneys in the same letters that he allegedly sent requesting that they also file direct appeals. [Torres] is unable to prove that any letters requesting counsel to file a motion to withdraw his pleas were ever mailed to any of his counsel. [All three attorneys] testified under oath that they never received such a letter from [Torres]. This court, therefore, properly concluded that [Torres'] counsel were never informed of [Torres'] apparent intention to withdraw all his pleas. Counsel cannot be deemed ineffective for failing to take actions in which they were never informed. Because [Torres] cannot satisfy his burden of proving that any of his counsel were ineffective, no relief is due on [Torres'] second claim.

PCRA Court Opinion, 3/9/22, at 11 (excess capitalization omitted).

Our review of the record and PCRA hearing transcripts support the court's conclusions. As a matter of credibility, the PCRA court believed each plea counsel's version of the contested facts. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

In arguing to the contrary, Torres relies on the purported letter he allegedly sent to each plea counsel and explains why he could not provide any other evidence of mailing. *See* Appellant's Brief at 24. Once again, the PCRA court credited the testimony of counsel over the testimony and other allegations made by Appellant at the hearings. We must defer to this determination. *See Commonwealth v Todd*, 820 A.2d, 707 712 (Pa. Super. 2003) (explaining that Superior Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand").

In addition, we reject Torres claim that he was wrongly advised of his post-sentence rights because he was not told that he could file an appeal *pro se*. Torres' Brief at 24. We first note that this claim is waived because it is being raised for the first time on appeal. ***See generally***, Pa.R.A.P. 302(a). Moreover, at the evidentiary hearings, Torres attempted to prove he acted in accordance with contacting each attorney, rather than claim he was never told he could appeal *pro se*. Thus, Torres' first two issues fail.

In his third issue, Torres claims that plea counsel's ineffective assistance in the robbery case forced him to enter a guilty plea. Regarding claims of ineffectiveness in relation to the entry of plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Here, the PCRA court found no merit to Torres' claim. The court first explained how this claim of ineffectiveness affected all of the pleas he entered:

> [Torres'] final claim is two-fold: he alleges that [in the robbery case plea counsel] failed to discuss any possible trial strategy with him and thereby coerced him into entering a plea. Entering a plea in this case effectively poisoned the [sexual assault case and the attempted murder case], leaving him with no other option then to enter pleas to those as well. [Torres] contends, for these reasons, he entered all his pleas unknowingly, unintelligently and involuntarily.

PCRA Court Opinion, 3/9/22, at 12. The court then summarized Torres' plea proceeding as follows:

> At the very beginning of [Torres'] plea proceeding in [the robbery case, plea counsel] immediately informed this court that [Torres] felt he was being forced to enter a plea. This court

- 10 -

appreciated [Torres'] concerns and informed him that this court was prepared to move forward with trial, indicating that a panel of jurors was ready for selection downstairs. [Torres] then advised this court that he didn't "have a problem with this offer here," but that his concern was with how [plea counsel] was handling the case. [Torres] asserted that she was "not really going to fight for me." This court responded by first giving credence to counsel's experience and advising [Torres] multiple times of his right to make a choice in whether to plead or move forward with trial, stating: "[T]hat's your right. I never force anybody to take any non-trial disposition in my courtroom."

This court further explained what a *nolo contendere* plea was, and what it meant for [Torres] were he to move forward with that option. This court discussed what was being done by his counsel to minimize his maximum exposure in all three of his cases were he to be convicted at trial. Only after receiving confirmation from [Torres] that he understood everything did this court move forward with the plea proceeding. At that proceeding, this court reviewed a written plea colloquy signed by [Torres]. This court then performed an oral colloquy with [Torres] wherein he affirmed he was pleading at his own free will. Both colloquies clearly established the voluntariness of Torres' plea.

PCRA Court Opinion, 3/9/22, at 14 (excess capitalization omitted).

Finally, based upon above, the PCRA court rejected Torres' contention that his *nolo contendere* plea was involuntary, unintelligently, and unknowingly entered. The PCRA court further found that Torres' claim his plea in the robbery case left him no choice but to enter pleas on his remaining to claims lack merit:

[Torres'] argument that his first *nolo contendere* plea infected the remaining *nolo contendere* and guilty pleas in [the sexual assault case and the attempted murder case] is also without merit. During the consolidated plea proceeding for the latter two cases, [Torres] did not indicate that he had any issue with either of his attorneys[.] In fact, [Torres] conceded he was satisfied with their representation. [Torres] also signed written

- 11 -

plea colloquies and this court subsequently conducted oral colloquies with [Torres] for both cases.

*Id.* at 15.

Our review of the certified record, including the plea hearings in all three of Torres' cases, supports the PCRA court's conclusion. As noted above, Torres is bound by the statements he made with regard to each plea, ***Pollard***, ***supra***, and his attempt to contradict them on appeal fails.

In sum, given the PCRA court's credibility determinations, as well as the statements made by Torres when entering his pleas, the PCRA court correctly determined that Torres' ineffectiveness claims lacked merit. We therefore affirm the order denying Torres post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023