J-A16014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDERICK WALTER II | : | |
| | : | |
| Appellant | : | No. 562 WDA 2023 |

Appeal from the PCRA Order Entered April 20, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000474-2015,
CP-61-CR-0000666-2015

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: July 31, 2024**

Frederick Walter II appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts and procedural history may be summarized as follows:  Walter was charged with various sex offenses at two dockets. Both cases stem from sexual abuse of girls under the age of eighteen.  The first case (No. 474-2015- involved K.T., who was fourteen years of age.  Walter was a friend of K.T.'s stepfather, who was at K.T.'s residence to fix the stepfather's van.  As K.T. was getting ready for school and listening to music, Walter entered her room, unzipped her pants, placed his hand in her underwear, and digitally penetrated K.T.'s vagina.  When she told him to stop, Walter left, and K.T. went to tell her mother.

The second case (No. 666-2015) involved E.P., who was between the ages of eight and twelve at the time of the incidents. Walter was her mother's boyfriend, who would sometimes stay at the mother's apartment. E.P. testified that, on four or five occasions, Walter would enter her bedroom while she was sleeping and digitally penetrate her vagina. E.P. further testified during some of these incidents she was wearing a cast on her ankle. E.P. did not report the abuse until approximately two years after it stopped.

On March 24, 2016, the Commonwealth filed a notice to join both cases pursuant to Pa.R.Crim.P. 582. Walter filed an objection; the trial court held a hearing, after which it denied Walter's objection.

Walter's trial commenced on May 20, 2016. Witnesses for the Commonwealth included K.T.'s mother, K.T. and E.P., and the police officer who filed the charges in each case. For his defense, Walter called a CYS caseworker, E.P.'s mother, and Walter's younger brother. Walter also testified and denied all of the charges.

On May 23, 2016, the jury convicted Walter of all counts at each docket. The trial court ordered a presentence investigation and an assessment by the Pennsylvania Sexual Offender Assessment Board. On August 23, 2016, the trial court conducted a hearing to determine whether Walter was a sexually violent predator ("SVP"). At the hearing's conclusion, the trial court found Walter to be an SVP and sentenced him to an aggregate term of 14 to 30 years of incarceration. Walter did not file any post-sentence motions.

Walter appealed. On November 14, 2017, this Court affirmed his judgment of sentence, and, on April 26, 2018, our Supreme Court denied Walter's petition for allowance of appeal. ***Commonwealth v. Walter***, 181 A.3d 411 (Pa. Super. 2017) (non-precedential decision), *appeal denied*, 184 A.3d 550 (Pa. 2018).

On February 13, 2019, Walter filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on April 15, 2019. Thereafter, the procedural history became prolonged and complex. The PCRA court summarized it as follows:

> Over the next year various motions were filed to dismiss counsel and appoint new counsel. A PCRA hearing was scheduled and continued several times. On April 22, 2021, the court appointed [PCRA counsel] to represent [Walter]. A PCRA hearing was held on October 18, 2021 and [Walter] was the only witness called to testify at this hearing. [The parties agreed to file briefs containing proposed findings of fact and conclusions of law.]

> On December 21, 2021, the court dismissed [Walter's] PCRA petition because his brief was not filed by the court-imposed deadline. [Upon request, the court reconsidered and vacated its dismissal because the parties were awaiting the transcripts of the PCRA hearing.] On February 25, 2022, the PCRA hearing transcript was prepared and filed.

> On March 3, 2022, [Walter] filed "Defendant's Findings of Fact and Conclusions of Law," *pro se*. On March 7, 2022, PCRA counsel filed a motion to withdraw as counsel. The court [held a hearing . . . on April 5, 2022, where the court denied counsel's motion to withdraw and stated that [Walter's] *pro se* filing would be deemed a nullity because [Walter] was represented by counsel.

> On June 6, 2022, PCRA counsel faxed an amended PCRA petition that was not docketed. On July 18, 2022, [Walter] filed a motion for new counsel. On August 1, 2022, the Commonwealth filed Proposed Findings and Conclusions of Law. On September 8, 2022, [Walter's] *pro se* motion for new counsel was denied . . . .

The amended PCRA petition was re-faxed and properly docketed on October 26, 2022.

The June 6, 2022 PCRA petition presented six (6) claims and a "Legal Issues" and "Conclusion" section. The re-faxed October 26, 2022 PCRA petition presented five (5) claims and did not include additional sections. The court considered all claims and content from both petitions and found them to be without merit. On April 20, 2023, the court dismissed [Walter's] PCRA petition.

PCRA Court Opinion, 12/6/23, 3-4 (footnotes and excess capitalization omitted).

This timely *pro se* appeal followed. Thereafter, at Walter's request, PCRA counsel filed a motion to withdraw as counsel. On June 9, 2023, this Court entered an order directing the PCRA court to determine whether to grant PCRA counsel to withdraw and/or hold a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988), to determine whether Walter wished to proceed *pro se*. On August 7, 2023, the PCRA court granted PCRA counsel's motion to withdraw and, following a *Grazier* hearing, appointed current counsel. Both Walter and the PCRA court have complied with Pa.R.A.P. 1925.

Walter raises seven issues on appeal:

[1.] Trial counsel was ineffective for failing to call [Walter's] mother as a witness during [Walter's] trial.

[2.] Trial counsel was ineffective in failing to obtain [E.P.'s] medical records, which could have been used for an alibi defense or proof that another individual was responsible for the crimes.

[3.] Trial counsel was ineffective in introducing [Walter's] criminal record in his opening statement.

[4.] Trial counsel was ineffective for failing to request an instruction to the jury regarding an alibi defense set forth by [Walter].

[5.] Trial counsel was ineffective in failing to object to potentially exculpatory information held by the prosecution that [K.T.] suffered from a mental disability, thereby committing a [**Brady v. Maryland**, [373 U.S. 83 (1963),] violation.

[6.] PCRA counsel was ineffective in failing to call trial counsel to the stand during the PCRA evidentiary hearing in this case to inquire as to trial counsel's strategy.

[7.] PCRA counsel failed to investigate any of the witnesses requested by [Walter] to testify at his PCRA hearing. The witnesses [Walter] requested that PCRA counsel contact and potentially call as witnesses, and the expected testimony of each, as set forth on the attached document that [Walter] had previously submitted to the court and PCRA counsel.

Walter's Brief at 2.

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Webb**, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing **Commonwealth v. Barndt**, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

In his first five issues, Walter raises claims regarding trial counsel's alleged ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa.

- 5 -

2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.*

In his remaining two issues, Walter presents layered claims of ineffectiveness of counsel. *See Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2022) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"). In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Id.*

Finally, this Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first-hand." *Commonwealth v Todd*, 820 A.2d 707, 712 (Pa. Super. 2003). *See also Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Here, the PCRA court has authored a thorough and well-reasoned opinion in support of its decision to deny Walter's PCRA petition. The Honorable Thomas K. Kistler, S.J., has correctly addressed each of Walter's ineffectiveness claims with proper citation to legal authorities and citation to the certified record. We discern no legal errors in Judge Kistler's analysis, and we find his factual findings and credibility determinations fully supported by our review of the record.

In sum, we adopt Judge Kistler's December 6, 2023 opinion as our own in affirming the order denying Walter post-conviction relief. *See* PCRA Court's Opinion, 12/6/23, at 7-9 (concluding that trial counsel was not ineffective for failing to call Walter's mother to testify because Walter was unable to prove that the absence of her testimony prejudiced him and denied him a fair trial); at 10-12 (rejecting Walter's claim that trial counsel was ineffective for failing to obtain E.P.'s medical records; E.P.'s medical records were not necessary to establish the timeline of the multiple incidents that occurred and Walter "failed to demonstrate a connection between how a shift in the timeline from 2012 to 2013 would have provided him an alibi defense or prompted investigation of another perpetrator"); at 12 (stating the record refutes Walter's claim that trial counsel was ineffective for failing to object to the Commonwealth's introduction of Walter's criminal record in its opening statement);[1] at 15-18

_____

[1] Walter's third issue claims trial counsel was ineffective for introducing Walter's criminal record in counsel's opening statement. However, because
*(Footnote Continued Next Page)*

(rejecting Walter's claim that trial counsel was ineffective for failing to request an alibi instruction; reviewing the trial court's charge as a whole, Walter was unable to establish that he was prejudiced by trial counsel's inaction); at 13-14 (concluding that there was no evidence of record that the Commonwealth suppressed evidence of K.T.'s mental disability; Walter presented no evidence that this disability impaired her capacity to testify truthfully at trial); at 18-19 (finding Walter was not prejudiced by trial counsel's failure to testify because, even if he had, Walter's petition would still have been dismissed); and at 19-21 (rejecting Walter's claim that PCRA was ineffective for failing to investigate his requested witnesses).[2]

Order affirmed.

_____

Walter did not raise this claim in his Rule 1925(b) statement, the PCRA court did not address it and it is considered waived. **See Commonwealth v. Davis**, 273 A.3d 1228, 1239 n.5 (Pa. Super. 2022); Pa.R.A.P. 1925(b)(4)(vii).

Nonetheless, our review of the record reveals that counsel did briefly mention Walter's prior conviction for burglary. **See** N.T., 5/20/16, at 53. It is clear from the record that, because Walter testified, this *crimen falsi* conviction would be, and was, brought to the jury's attention during the Commonwealth's cross-examination of him. Thus, Walter cannot establish prejudice.

[2] The parties are directed to attach Judge Kistler's December 6, 2023, opinion to this memorandum in any future appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/31/2024